
CUNNINGHAM vs. PELL and others.

Under the act of incorporation of The President, Directors and Company of the Jersey Bank, the service of process upon the corporation was not sufficient to authorize a court in the state of New-Jersey to give judgment against the president and directors of the bank, in their individual capacities, for the debts of the bank, under the provision of the act making them personally liable if the debt could not be collected out of the corporate estate. To authorize the entry of a judgment against the president and directors individually, the process must be sued out against them, and must be served on them personally.

The directors of a corporation are liable to the stockholders and creditors of the corporation for a fraudulent breach of trust. And in a suit instituted against them, on account of such fraud, it is not necessary to make all the directors parties.

A proceeding against trustees for a fraudulent breach of trust, is an exception to the rule that in a suit against trustees all of the trustees must be made parties.

In a suit brought by a creditor or a stockholder of a corporation against the directors thereof, for a fraudulent breach of trust, the corporation itself, if in existence, is a necessary party. In such a suit all the directors or stockholders of the corporation should also be made parties; or the bill should be filed by the complainant as well for himself as for all others standing in the same situation.

A foreign corporation may be proceeded against in chancery, by advertising under the statute, as in case of an absent defendant.

THE bill in this cause was filed to obtain satisfaction of a   March 15. judgment in favor of the complainant, in the state of New-Jersey, against the Jersey Bank, and against D. Cooledge, Ferris Pell, Alfred S. Pell, R. Spencer, W. Lyon, S. Doughty and R. L. Stevens, as directors of that institution. The bank was incorporated in February, 1818, by the name of "The President, Directors and Company of the Jersey Bank;" and the 11th section of the act of incorporation is in the following words: "*And be it enacted,* that the private estate, both real and personal, of the president and directors of the said corporation shall at all times be and continue liable to every creditor, with every part of their corporate estate, for the payment of any note or notes that they or any of them may issue and circulate; and, upon affidavit having been made before any magistrate, by any individual holding any note or notes against

said company, of the amount by him holden in said note or notes issued by the said president and directors of the Jersey Bank, and that he or she hath demanded the payment thereof in specie, from them, or from any of their officers, at the banking house or office of discount and deposit, and that the same hath not been paid, that process may issue against the *president and directors* for the amount contained in the said affidavit, from any court having competent jurisdiction ; in which action it shall be lawful for any plaintiff to declare generally upon the amount so sworn to be due, consolidating the several amounts of said notes ; and the said notes shall be received in evidence by any of said courts, and judgment rendered, and execution issue, as well against the president and directors of said company and their corporate estate, of what nature soever the same may be, as against the real and personal estate of the said president and directors in their individual capacity : Provided always, that the private estate of the said president and directors shall not be liable, while a sufficient portion of the estate of the said corporation is returned to satisfy the debt of said company, or until it shall be made to appear to the court before whom the action may be instituted that the said company have acted contrary to the provisions and regulations contained in this act, or when they can make payment to any individual or corporate body, in note or notes issued by such individual, or such corporate body."

The bill charged, among other things, that on the 2d of January, 1830, and at the time of the commencement of this suit, the complainant was the holder of bills or notes of the bank, to the amount of $5328, and of a certificate of deposit for $305,60, given to R. Cromelin, payable to his order, on demand ; that in June, 1825, Coolidge, F. Pell, A. S. Pell, Spencer, Lyon, Doughty, and Stevens, were elected directors of the bank, since which time no election had been held ; that Doughty died in 1827, and Coolidge and A. S. Pell, some few months before the filing of the bill, and continued to be directors until their respective deaths ; and that the other directors, elected in 1825, continued to be such directors down to the time of the commencement of this suit ; but that Doughty and Stevens were elected directors without their knowledge or

consent, and they never acted as such directors. The bill further charged that the complainant, on the 2d of January, 1830, made the affidavit required by the 11th section of the act of incorporation, and in pursuance of the directions of that section of the act, sued out process from the inferior court of common pleas of the county of Bergen, against the president, directors and company of the Jersey Bank; and that such further proceedings were thereupon had, that in March, 1830, the complainant obtained judgment against the corporation, and against the seven directors elected in June, 1825, for the sum of $5633,60 damages, and $36,50 costs; and that an execution was issued on that judgment to the sheriff of Bergen county, with directions to levy the damages and costs of the real and personal estate of the corporation; and if sufficient could not be found for that purpose, then to levy the amount of the judgment, or the residue thereof, of the individual property of the other defendants, the seven directors; upon which execution the sheriff returned that he could not find any property of the defendants, or of any of them. The bill also charged that there was no property belonging to the corporation in the state of New-Jersey, or in this state, and had not been, since the recovery of the judgment, which could be reached by an execution, or proceeding at law; that at the time of the suspension of payment by the bank, A. S. and F. Pell, or one of them, had in their possession, or under their control, in the city of New-York, the books of the corporation and its most valuable notes and papers, and other property to a large amount, and subsequently converted the same to their own use, and had never accounted for the same; that all the books and papers of the corporation were in the hands, or under the control, of Ferris Pell, or of Harrison and Adelia D. Pell, the personal representatives of A. S. Pell, or that they knew where such books and papers were; that at the time of the suspension of payment by the bank, F. Pell and A. S. Pell were both largely indebted to that institution; and that they purloined and concealed its books and papers for the fraudulent purpose of concealing the names of the persons indebted to the bank, and the amount due from each, &c., so that the creditors

1836.

Cunningham
v.
Pell.

should be deprived of their legal means of recovering their debts against the bank. The bill also charged other fraudulent acts on the part of Ferris and Alfred S. Pell, in relation to the concerns of the bank, while they had the control thereof as directors; and the complainant insisted, in his bill, that in equity, Ferris Pell and the personal representatives of A. S. Pell were bound to account to him for the funds of the institution thus fraudulently converted. The trustees, under the marriage settlement of Alfred S. Pell and his wife, were made parties to the suit for the purpose of compelling them to account and pay over funds and property of the bank alleged to have come into their hands from A. S. Pell. The defendants demurred to the bill for want of parties, for multifariousness, and for want of equity.

*F. B. Cutting*, for the complainants.

*J. Law*, for the defendant Ferris Pell.

*T. L. Ogden & W. H. Harrison*, for the other defendants.

THE CHANCELLOR. Independent of the objection of the want of proper parties, this bill cannot be sustained as a bill to obtain satisfaction of the judgment obtained against the corporation, and the seven directors thereof, in the state of New-Jersey. It is evident, from the bill itself, that the requirements of the statute were not complied with, so as to entitle the complainant to a judgment against the individual property of the directors of the bank. The statute authorizes process to be issued against the *president and directors*, for the amount contained in the affidavit, upon which judgment may be rendered and execution issued against the corporation and its estate, and against the real and personal estate of the president and directors in their individual capacity. But in this case it appears that, instead of taking out process against the president and the directors of the bank, individually, and upon that process proceeding to judgment against them and the corporation which they represented, the process was sued out against the corporation only ; and upon that the judgment

1836.

Cunningham
v.
Pell.

has been rendered against the individual directors, who may not have had any notice of the suit. The legislature never could have intended that a judgment should be rendered against the directors of the bank personally, upon the service of process upon the president or cashier of the corporation, and without giving the directors an opportunity to defend themselves by showing that they were not such directors at the time of the commencement of the suit, or when the demand of payment was made and refused; but there would be no impropriety in rendering a judgment against a corporation, upon process served upon its president and all its directors; who are the proper agents of such corporation, to defend its rights. In this case it is very evident that the true construction of the eleventh section of the act of incorporation is, that, to make the president and directors individually liable, the process must be sued out against them individually, and duly served; and that it is not sufficient to sue out process against the corporation only, as was done here.

That the individual directors were not served with the process upon which this judgment was obtained, is perfectly evident from the facts stated in the bill. It is there alleged that Doughty and Stevens were elected directors without their knowledge or consent, and that they never acted as such. And yet a personal judgment is rendered against them, as well as the other directors, upon process issued against the corporation, two or three years after one of them was dead. Upon this process the court had no jurisdiction, either as to the persons or the property of the individual directors; and the judgment, so far as concerns them individually, is absolutely void. Even if the construction of this statute was that the court might enter a judgment against the property of the president and directors individually, upon process issued against the corporation only, it would be a proceeding in rem merely; and the court having no jurisdiction over the persons of the individual directors, by such a proceeding, the judgment would not create a debt upon which a suit could be sustained against the directors, in the courts of this state. (See Bates v. Delavan, 5 Paige's Rep. 299.)

1836.

Cunningham
v.
Pell.

Sufficient, however, appears upon this bill to entitle the complainant to relief, if it was not defective in form, and if the proper parties were before the court. In *Robinson* v. *Smith*, (3 *Paige's Rep.* 223,) this court decided that the directors of a corporation were liable to the parties injured by a fraudulent breach of trust. And the same point was decided the same way by the supreme court of Louisiana about the same time. (*Percy* v. *Millaudon*, 3 *Louis. Rep.* 568.) In this case it is charged that the funds of the bank have been fraudulently abstracted, to a large amount, by the two Pells, so that nothing is left for the payment of the creditors of the institution ; and that the complainant is a creditor, and has recovered a judgment, which is probably binding upon the corporation. Even if he is a creditor at large, he is entitled to protection against the consequences of these fraudulent acts, by which the creditors have been deprived of the means of collecting their debts, in the usual way, against the corporation itself. In the case of *The Protection Insurance Company* v. *Dummer and others*, decided in this court in April, 1834, but which is not reported, it was held not necessary to make all the fraudulent directors parties, to a bill filed for the purpose of obtaining satisfaction for a fraudulent breach of trust ; that this was an exception to the general rule that in a proceeding against trustees all, must be made parties. (*See also Walker* v. *Simons*, 3 *Swans. Rep.* 75 ; 4 *Russ. Rep.* 274, *note ; and Wilson* v. *Moore*, 1 *Myln. & Keen's Rep.* 127.) It was not necessary, therefore, to make Spencer and Lyon parties to this suit, except for the purpose of obtaining relief against them on the ground of their personal liability for the debts of the company, under the eleventh section of the act of incorporation. If the complainant seeks to charge any of the directors on that ground, all the other directors who are liable to the same extent, should be made parties, so that a proper decree for contribution may be made. In that case, also, the corporation, if in existence, and not entirely destitute of property, should also be a party, so that its funds may be fairly applied to the payment of the complainants' demand.

The objection for multifariousness is not well taken. If the allegations in the bill are true, the personal representatives of

Alfred S. Pell, and the trustees under the marriage settlement, are proper parties; the first, that they may account for the monies and property of the institution, which was fraudulently abstracted by their testator, and the last that they may be compelled to restore the funds and property belonging to the bank, which may have come into their hands as trustees under the settlement.

But it is a fatal objection to all the relief claimed by this bill, that the corporation is not made a party. This question was decided in the case of *Robinson* v. *Smith*, before.referred to. Although that suit was brought by the stockholders, and this by a creditor of the corporation, the principle is the same, in both cases. If this creditor could compel the defendants to account to him for the funds of the bank which have been abstracted by the Pells, the corporation, if in existence, might hereafter compel the defendants to account a second time to it. Although the corporation is located in another state, if it does not appear voluntarily it may be proceeded against as an absent defendant.

It does not appear by the bill in this case that there are any other creditors but the complainant; but if there are others, which is probably the case, they should be made parties; or the bill should be filed by the complainant in behalf of himself and all others standing in the same situation, to enable them to come in under the decree; and to relieve the defendants from the necessity of accounting again to other creditors.

The demurrers are allowed; but with liberty to the complainant to amend his bill, upon the payment of costs, if he shall be so advised.