## SUPREME COURT.

JOHN H. CROOK agt. OTIS JEWETT and HIPPOLITE MALI and others.

For the damage sustained by a *stockholder*, from illegal and fraudulent acts of *directors* and *officers* of a company, an *action* may be sustained by the stockholder against the officers and directors.

And the defendants may be *arrested* under the second subdivision of § 179 of the Code.

*New-York Special Term, Dec.*, 1854.
MOTION to discharge from arrest.

—— —— *for motion.*
—— —— *opposed.*

MORRIS, Justice. Defendants, upon the plaintiff's affidavit, upon which the order of arrest was granted, move to discharge the arrest.

The affidavit of the plaintiff, among other things, establishes that the plaintiff owns two hundred shares of the stock of the Parker Vein Coal Company, of the par value of $100 per share. That the Parker Vein Coal Company was incorporated by the state of Maryland "for the purpose of working mines of coal and iron, and vending the proceeds of the same;" that the corporation owned " and were possessed of a large and valuable

property, consisting of lands and mines of coal and iron, situate in the state of Maryland," and also of a number of steamships; that these defendants were directors of the company, and the one (Mali) president, the other (Jewett) vice-president of the company, and both of them, with other defendants, were directors; had custody and control of the property of the company, and the right to manage its concerns in accordance with the law incorporating it; that the defendants, as such directors and officers, illegally and fraudulently sold large numbers of acres of valuable coal lands of the corporation, to a company called the Caledonia Mining Company, for which, all they received was stock of the last-mentioned company; that, as such directors and officers, the defendants illegally and fraudulently sold all the steamships of the corporation to a company called the Parker Vein Steamship Company, at an inadequate price; that the defendant, Jewett, now assumes to be, individually, the owner of the ships, and has the custody and control of them; that these defendants were, at the time of these transactions, officers and directors of the three companies; that the capital stock of the Parker Vein Company is, by its charter, limited to $3,000,000, to be divided into shares of $100 each, being 30,000 shares; and that these defendants have illegally and fraudulently issued, in addition to the 30,000 legal certificates of the stock of the company, 180,000 false and spurious certificates of stock; which false and spurious certificates of stock they have sold, and appropriated the avails thereof, being over $1,000,000, to their own use; that owing to these fraudulent acts of the defendants, plaintiff's 200 shares have become valueless.

For the damage sustained by a stockholder, from illegal and fraudulent acts of directors and officers of a company, an action may be sustained by the stockholder against the officers and directors. So this court, at general term, has held, in what are known as the *Berran Island* case, the *Washington Market* case, the *Broadway and 2d Avenue Railroad* cases.

The bail, in this case, however, must be reduced, because the damage which plaintiff would be entitled to recover, would

only be the difference between the actual value of his stock before the frauds were committed, and the value of the stock as reduced by the effect of those frauds.

I do not consider that the receipt by the defendants of over $1,000,000 paid to them for 180,000 false and fraudulent certificates, gives to the stockholder any claim for damages, for the reason, that the false certificates convey no stock; are not evidence of ownership of stock; the money received for them could not be the property of the company; the stockholders have no interest in it; and the company or stockholders, as such, cannot be made responsible for it.

The law of the legislature creating the company—its charter confines every act of stockholders, directors and officers to the rights, duties and powers given by that law.

This charter is a written power of attorney, defining the powers that are delegated, and cannot be enlarged, altered, or modified, either expressly by parol, or by permission. This power of attorney is known to all; for ignorance of the law is no excuse for crime, or shield against injury.

I put my continuance of the arrest, in this case, upon the ground that the fraudulent and illegal sale of the coal mines and steamships were a fraudulent misapplication and embezzlement of the property of the corporation by the defendants, officers and agents of the corporation, embraced within the second subdivision of § 179 of the Code.

Order of arrest continued, and bail reduced to $5,000 for each defendant.