By tub Court — Bobertson, J.
The plaintiff complains of the decision at Special Term, because the Court viewed what he considered as a special action on the case at common law, as a suit in equity for an account to which the corporation of which he is a stockholder should be a necessary party. He virtually, however, surrenders any special right of action against the defendants, for what he terms, in the complaint, a “ conspiracy” independently of their acts. Xor does he urge that, by reason of such conspiracy, such acts became more or less actionable. He only seeks to avail himself of such conspiracy as an element in the cause of action against the defendants, in that they are thereby made jointly liable (Sheple v. Page, 12 Verm. R., 533; Hutchins v. Hutchins, 7 Hill, 107) for every act charged. The injury really complained of is the reduction of his stock to worthlessness by the joint acts of the defendants.
The cases certainly sustain the view, that no action lay at law for merely conspiring together to injure a third person. In respect to it as a misdemeanor and crime, a different rale prevailed. (Chit. Crim. Law, 1139; Lambert *688 v. People, 9 Cow., 579; People v. Fisher, 14 Wend., 16; 2 Bishop on Crim. Law, §§ 160, 161; 9 Coke, 56; King v. Mawbey, 6 Tenn. R., 636; Commonwealth v. Judd, 2 Mass. R., 336.) In a civil suit, the only cause of action must be acts done pursuant to the conspiracy, whereby the plaintiff was injured. Tlie eases to sustain this, cited by the plaintiff, are Skinner v. Gunton, (1 Saund., 230,) Jones v. Baker, (7 Cow., 445,) Hutchins v. Hutchins, (7 Hill, 104,) and Livermore v. Herschell, (3 Pick., 36,) which they do fully.
It is true there are cases in which acts, innocent or praiseworthy in themselves, may become the subject of an action, when they are the cause of injury and committed with that object in view. Such is the discharge of a party without giving bail, which is blameless when done in the exercise of judicial discretion, but becomes actionable when done for an improper motive, which is conclusively established by an agreement to that effect between a magistrate, his clerk and the jailer. (Cockshall v. The Mayor of Boalton, Leonard’s R., 189, A 269.) Or hissing at a theatre, an authorized mode of expressing disapprobation, becomes actionable when done maliciously, as evidenced by a previous combination for the purpose, to drive an obnoxious performer from the stage. (Gregory v. Duke of Brunswick, 47 Eng. Com. L., [1 Car. & P.,] 23.) So, too, the arrest of a party' in a State, although lawful otherwise, is unlawful, if done after bringing him within its jurisdiction by deceitful practices. (Phelps v. Goddard, 1 Tyler, 60.) In such cases the previous concert of the parties is conclusive evidence of an evil intent, and the action is, therefore, though improperly, called one for a “ conspiracy.” But, in this case, the acts done were illegal and did not need to-be referred to the previous conspiracy, in order to be characterized, and the injury to the plaintiff was complete without regard to it; it is not, therefore, even technically, an action for a conspiracy. It is true the acts done accomplished the injury designed; but the law always infers that parties intend the natural consequences of their acts. And hence the action is resolved into one simply of *689 indemnity to the plaintiff for a wrong done to him by acts imputable to the defendants jointly.
In this view it becomes important to ascertain whether the injury to the plaintiff was done solely to property of his, distinct from that of any other person, or to an interest held jointly by himself and others; and, if the latter, whether the injury to his interest was special and separate. The allegation in the complaint is, that by reasoji of the conspiracy, and the acts of the defendants to carry out the same, the plaintiff has been deprived of a large sum, “which he would otherwise have received as dividends,” and his stock has also been rendered valueless to him. The acts complained of were the appropriation, by different defendants, of.the income and assets of the corporation, to their own use. I do not think the allegation, that the stock had become valueless, equivalent to one that it had sunk below the point it would reach in consequence of all the property of the company being misappropriated, or that the plaintiff’s share of the assets so embezzled, if restored to him, would not completely indemnify him for any loss. In other words, that it was not equivalent to alleging that the plaintiff sustained any loss by the defendants’ acts beyond Ms interest as stockholder in the property embezzled by them, as property of the corporation.
Possibly there may be cases in which directors or other agents of a corporation may be liable, directly, to stockholders, for acts done by them, inflicting special injury on the latter beyond that done to the corporation as an artificial person. Thus, slanders affecting the value of the stock, the issue of spurious stock, which is equivalent to a false assertion of the amount issued, (Cazeaux v. Mali, 25 Barb., 578,) the depreciation of the market value of stock below its intrinsic worth, by abstraction of the funds of a corporation, as in Stetson v. Faxon, (19 Pick., 147,) may be the subjects of individual actions by stockholders. But in the last case stockholders ought only to be allowed to recover as damages the difference between the depreciated market value of the stock and its intrinsic depreciation by *690 the removal of the assets. Because, for the injury to his interest in the assets of the company by the withdrawal of such assets, he is entitled to a share of the damages recovered by the corporation, and, therefore, he has not sustained damages to the full amount of the depreciation of the stock caused by such removal of assets. Although, in such cases, it may be a presumption of law that the value o£ the stock has fallen by the embezzlement of the assets, (N. Y. & N. Haven R. R. Co. v. Schuyler, ubi sup.,) there is no such presumption that it has fallen below what its diminution would be by the defraudation of the stockholder of his right to the assets embezzled. If it has fallen in the market below that, so as to deprive the plaintiff of. the benefit of a sale, and render the restoration of the value of such assets not a sufficient indemnity, the plaintiff is bound to allege it in his complaint, and prove it.
There is no reason why, if the depreciation of the value of the stock by the embezzlement of the assets is only equal to the share of such assets belonging to each stockholder, the interposition of the artificial person of the corporation, the mere creature of the law, should entitle such stockholder to double compensation for the same loss. In the-case of an unincorporated association, or partnership, the same acts might be done by employees, and yet no one has ever thought of contending that each associate or partner had a right of action for injury to his interest in such association or firm against such employees, in addition to the joint action maintainable by the partners or associates, and yet the only difference between that and the case before us is that an act of incorporation, rendering the . association an artificial person, is interposed? because the interest in the former is as much a vendible commodity, capable of having a market value, as shares of stock, and, therefore, is as capable of depreciation by the acts of agents. Upon the principles contended for in this case the creditor of a solvent debtor might bring an action directly against any agents of the latter, who, being intrusted with all his *691 property, should convert it to their own use, and thereby deprive him. of the means of recovering his debt.
I cannot doubt, therefore, that this complaint is defective, if the action be one at common law, in not alleging special damage to the plaintiff, by the defendants’ acts, beyond that inflicted on the corporation, and indirectly on all the stockholders jointly, (Stetson v. Faxon, 19 Pick., 147,) because the corporation represents the plaintiff in prosecutions for all such damages, and to the extent of that sum the plaintiff has not directly sustained damage* because he has the means of indemnity.
I do not perceive that any supposed liability by the defendants, as trustees or agents, if they were all such, would help the plaintiff’s case. It is not very clear from the cases where Courts have undertaken to make directors responsible to stockholders directly, for misconduct, upon what principle they proceeded. They are termed both trustees and agents of the stockholders; widely different relations. In none of such cases were all the consequences of a trust or agency attributed, such as constantly to have accounts rendered, or the profits distributed as fast as they were received. There may be a confidential relation subsisting between a stockholder and a director, creating a certain duty by the latter to the former, or certain rights in the former, which gives the former a right to prevent or sue for malfeasance of the latter. But I think it will be found that neither “ trustee” nor “ agent ” expresses such relation, and that bailee of the capital of the corporation to perform specific duties therewith, comes much more near to it. The Revisers deemed it necessary to provide expressly for the direct liability of directors to stockholders, (2 R. S., 589, § 1; Id., 591, § 10,) which was unnecessary, if they were either trustees or agents. The cases- cited of The Attorney-General v. Corporation of Leicester, (7 Beav., 176,) Ponchartrain R. R. Co. v Paulding, (11 La. R., O. S., 41.) Benson v. Heathorn, (1 Younge & Coll. C. C., 326) Hodges v. N. E. Screw Co., (1 R. I. R., 312,) Verplanck v. Merc. Ins. Co., (1 Edw. Ch., *692 86,) York and Midland R. W. Co. v. Hudson, (16 Beav., 485,) Aberdeen Co. v. Bleakie, (1 McQuirk, 461,) made the corporation a party. In Austin v. Daniels, (4 Den., 301,) only the liability to the corporation is spoken of. The case of Robinson v. Smith, (3 Paige, 232,) does not state to whose benefit the personal liability of the defectors is to accrue, or by whom the suit is to be brought. In Scott v. Depeyster, (1 Edw. Ch., 542,) it was merely decided that directors of a corporation were not liable for the forgery and embezzlement of an officer whom they had no reason to suspect of any misconduct. And in the case of The N. Y. & N. H. R. R. Co. v. Schuyler et al., (17 N. Y. R., 595,) the complaint was sustained as demurrer on the ground that the corporation was the trustee and guardian of the stockholders entitled to protect them against the claims of the holders of spurious stock. ^Notwithstanding, therefore, what is said in Cumberland Coal Co. v. Sherman, (30 Barb., 571,) Robinson v. Smith, (ubi sup.,) Scott v. Depeyster, (ubi sup.,) Verplanck v. Merc. Ins. Co., (ubi sup.,) N. Y. & N. H. R. R. Co. v. Schuyler et al., (ubi sup.,) and even in Crook v. Jewett, (12 How. Pr., 21,) the law does not appear by any means settled that the director holds the relation of either trustee or agent to the stockholder, with all its attributes, so as to incur all the legal liabilities attached to that relation. If the directors, however, are trustees, there is a misjoinder of defendants, as the defendant Caswell was not a director, but a mere bookkeeper.
If this action, therefore, be not a common law action, it is only sustainable as one in equity, commenced by a party interested to compel the defendants to restore to the corporation. property converted by them, so as to enable the plaintiff to get his share. And to such an action the corporation is a necessary party as the trustee of the other stockholders. The plaintiff does not, in such case, by making the company a defendant, proceed against it for any misfeasance or seek any relief, except having his share of what is restored by the defendants. And he cannot even make it a party defendant without giving it *693 the option of becoming a party plaintiff jointly with himself. The cases cited by the Ohief Justice, in his opinion at Special Term, sustains the necessity of adding the corporation as a party.
In Crook v. Jewett, (12 How. Pr., 21,) on a motion to discharge an order of arrest, it was held that the illegal sale of certain property belonging to a corporation by certain of its officers, was an embezzlement in a fiduciary capacity, making such officers liable to arrest, and that it was no objection that the action was brought in the name of a stockholder, because such an action might be so brought against directors of the corporation for injury to his interests. It does not appear that any objection was taken in such case, for want of parties, or how far the plaintiff had sustained peculiar injury, and it was on a summary application. It can hardly be relied on as authority to show that where there is no peculiar damage to the plaintiff, he can bring suit against directors without the intervention of the corporation as a party, if its omission is objected to.
The law of this case may be summed up in three propositions:
I. That the plaintiff cannot recover in an action at law against the defendants as trustees of the corporation for any damage by their acts, which consists solely of his loss of his share of the assets embezzled by them.
II. That he has not alleged any damage to himself specially, beyond such loss.
III. That in order to get his share of the damages, for injury done to the corporation by the embezzlement of its assets, he must make such corporation a party to the action.
And if the defendants are to be made liable as trustees, then the defendant Caswell is not properly a party as not being one, and the order in his favor should at least be affirmed.
The order below should, therefore, be affirmed, with ten dollars costs, with liberty to the plaintiff to amend in twenty days.