ELIJAH B. SMITH *vs.* JOHN T. RATHBUN and others.

A stockholder of a banking corporation cannot sue a portion of its directors for negligence and misconduct whereby its assets were wasted, without making all other stockholders parties. He must either make them parties to the record, or he must bring his action in his own behalf and for the benefit of all others standing in the same situation as himself.

Nor can such an action be maintained without making the corporation a party.

APPEAL, by the defendant, from an order made at Special Term overruling demurrers to the complaint.

The action was brought by Elijah B. Smith, a stock-

Smith *v.* Rathbun.

holder in the First National Bank of the city of Elmira, to recover the damages which he had sustained by the negligence and misconduct of Simeon Benjamin and John T. Rathbun, a vice-president and director of the bank, in permitting, aiding and assisting the president of the bank in doing certain wrongful acts by which the stock of the bank was rendered of little or no value, and by which this plaintiff sustained damages.

The defendants separately demurred to the complaint. The court at Special Term overruled the demurrers and ordered judgment for the plaintiff, and from that order this appeal was brought.

The grounds of demurrer are:

1st. That the court has no jurisdiction.

2d. That the complaint does not state facts sufficient to constitute a cause of action against the defendants.

3d. Defect of parties plaintiff: 1. That the bank should be plaintiff. 2. That all the stockholders should be plaintiffs.

4th. Defect of parties defendant; that is, that the bank should be defendant.

*Smith, Robertson & Fassett,* for the appellants.

*E. H. Benn,* for the respondent.

P. POTTER, J. Assuming the allegations in the complaint to be true, the action, in effect, is an action for damage sustained by the plaintiff as a stockholder of "the First National Bank of Elmira," by reason of the illegal and fraudulent acts of the defendants as a part of the directors and officers of the said bank, and by their omissions of duty as such officers. The allegation is, that in and prior to 1867 one Van Campen, the president of said bank, in violation of his duty as president and contrary to law, loaned from the funds of said bank to divers individuals and to insolvent persons, without sufficient security, large sums of money, exceeding at times one-tenth of the capital of the bank, whereby

the said bank sustained great losses, and that he the said Van Campen borrowed or took from the funds of the bank for his own private use, and appropriated to his own use large sums, varying from one thousand to seventy-five thousand dollars at a time; that he was insolvent at the time, and unable to pay his debts; that he the said Van Campen, as such president, made untrue quarterly reports of the condition and resources of the bank, representing worthless securities or securities of little value, transferred by himself to the bank, to be other and valuable securities, and so reporting the same; and that the said Van Campen, as such president, was guilty of other acts of misconduct, of all of which the plaintiff was ignorant, whereby and by reason of the acts before mentioned, the said banking association sustained great losses, and the said shares of stock became and were and now are of little or no value.

And that the said Simeon Benjamin and John T. Rathbun, while such officers of said bank in and prior to 1867, were informed and knew of the doing of the said wrongful acts by the said Van Campen, that he had thus violated and was violating his duty as such officer of the bank; that they negligently permitted and allowed him to do, and aided, countenanced and assisted him in so doing, and concealed the facts from the plaintiff and other stockholders, and allowed and permitted and assisted the said Van Campen to so draw out, loan and use and waste the funds and property of said association, the said bank, and to remain and act as president thereof, and thus defrauded and injured the plaintiff, whereby the plaintiff has sustained damage.

1. The point that the court has not jurisdiction of the action, is not now urged before us on appeal.

2. I think it cannot with reason be urged, that the complaint does not state facts sufficient to constitute a cause of action.

The acts set forth in the complaint are fraudulent acts,

and the injury to the plaintiff is alleged to be the consequence of such acts. He was a stockholder of the bank, and by reason of illegal and fraudulent acts his stock became of little or no value. This constitutes a cause of action. This principle was sustained in *Cazeaux* v. *Mali*, (25 *Barb*. 578.) I am not aware that that case has been overruled; it has been cited with approbation in various cases since. (*See Wait's Table of Cases*, 107. *See also Crook* v. *Jewett*, 12 *How. Pr*. 19 ; *Mead* v. *Mali*, 15 *id*. 347.) And this doctrine is fully confirmed by the Court of Appeals, per Comstock, J., in *Bissell* v. *Mich. Southern and Northern Indiana R. R. Co.*, (22 *N. Y*. 275, 276.)

The objection that they were acting officially and as directors of the bank, does not at all affect the question whether a cause of action is stated. It was held in *Robinson* v. *Smith* (3 *Paige*, 222) that the directors of a corporation were liable to the parties injured by a fraudulent breach of trust. And this principle is repeated in *Cunningham* v. *Pell*, (5 *id*. 612.) The question whether the action is in the proper form, will be discussed under a subsequent point.

The complaint alleges that the capital stock of said bank was $100,000. By the 29th section of the act of congress, commonly called the National Bank Act, passed June 3, 1864, it is provided "that the total liabilities to such (banking) association of any person * * shall at no time exceed one-tenth part of the amount of the capital stock of such association actually paid in," &c. By the 53d section of the same act, it is provided that in case of any violations of any of the provisions of the said act, every director who participated in or assented to the same, shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person shall have sustained in consequence of such violation. The plaintiff also claims that the provisions of this statute cover this

case and bring the defendants within it. If the right to recover depended upon this statute, alone, the plaintiff, I think, failed to allege in his complaint all the facts necessary to bring him within its provisions. This is a penal section of the act, and must be construed, like other penal statutes, with rigid strictness. The *violation* of its provisions upon which this claim of right of individual action depends, and which is thereby conferred, becomes a violation only upon the determination and adjudication of such a court as is in the act specified to be a violation of the said act. There is no allegation in the complaint that such a determination and adjudication of the court has been made. He has not therefore made an allegation that entitles him to the benefit of this provision. The statute in question, if remedial, is still penal, and is to be construed with great strictness. (*See the rule as laid down by Dwarris, Am. ed. and notes, pp. 245 to 250; Merchants' Bank v. Bliss, 13 Abb. R. 225, 239.*) The case must therefore depend upon the principles of the common law in regard to the liability of trustees, for wrongful or tortious injuries to the rights and interests of *cestuis que trust.*

The more serious question in this case is whether a part of the directors of a banking association can be sued by a stockholder, for acts which have affected the value of his stock, without making the corporation or association itself a party to the action. Without reference to the provisions of the Code, sections 113, 119, &c., as the action seems to be based upon the ground of a breach of trust, it becomes necessary to determine, who are the real legal parties in interest; that is, who are trustees: and who is the real *cestui que trust.* Are the directors of the bank the trustees of the corporation? Or, are they the trustees of the stockholders? Or, do they hold that same relation to both? Is the corporation the trustee of the stockholder? May the stockholders sue the corporation for the breach of trust?

Smith *v.* Rathbun.

May he have a double remedy—an action against the corporation and also one against the directors? And may he sue either without making the other a party? A corporation, though an artificial person, is still capable of suing and being sued at law and in equity, and though it can only act by agents, it is liable as a legal person to the same extent and under the same circumstances as a natural person for the consequences of its wrongful acts committed by its directors and agents, and it will be held responsible in a civil action at the suit of an injured party for frauds of its agents against the rights of others. (*Angell on Corp.* 319. *N. Y. and N. H. R. R. Co.* v. *Schuyler,* 34 *N. Y.* 49.) I need not cite further authority to prove that the corporation itself is liable for the act charged against the defendant in this action. It appears to me that inasmuch as some of the cases seem to hold that a stockholder cannot sue the officers and directors of the association without making all the shareholders parties, or unless he commences the action in his own behalf and for the benefit of all others standing in the same situation as himself, the objections to the want of proper parties are good ; and that this is good cause of demurrer. (*Gardiner* v. *Pollard,* 10 *Bosw.* 674. *Robinson* v. *Smith,* 3 *Paige,* 222. *Worth* v. *Radde,* 28 *How. Pr.* 230, 231. *Allen* v. *Curtiss,* 26 *Conn.* 450. *Smith* v. *Hurd,* 12 *Metc.* 371. *Cunningham* v. *Pell,* 5 *Paige,* 613.) In this last cited case, which was against the directors, the chancellor said : "If this creditor (plaintiff) could compel the defendant to account to him for the funds of the bank which had been abstracted by the defendant, the *corporation* might hereafter compel the defendant to account a second time to it." Upon what principle? Of course, because the directors are the *agents* of the corporation which is the principal. (*And see Ang. & Ames on Corp.* 393.) I think there is no doubt that the legal title of the property and funds of the corporation, which also includes the capital, is in

the corporation itself, and that they hold it, in trust however for the stockholders. And though these stockholders have a beneficial interest in the fund, the question still remains, whether they can sue the agents of the trustee ; or whether the directors are so far the trustees of the stockholders that the latter can bring an action directly against the former, for an injury done by the director, the agent, while acting as such for the corporation, his principal. All such acts, I apprehend, in theory, are the acts of the corporation itself. This idea was well expressed in the remarks of Sutherland, J., in *Life & Fire Ins. Co.* v. *Mechanics' F. Ins. Co.* (7 *Wend.* 34, 5.) It was insisted that an illegal and unauthorized act of the president of the company was only the act of the agent, and not that of the company. The judge says, in reply to this argument, "This would be a most convenient distinction for a corporation to establish * * that every act of an authorized power on the part of their officers, although with full knowledge and approbation of the directors, is to be considered the *individual* act of the officers, and is not to prejudice the corporation itself." It was held that the *company* was bound by the known act of its officers. It is safe to say that the wrongful act of the agent in such case, as in the case before us, is the act of the principal, though committed by its agents. And yet, in various reported cases, it has been held that shareholders of stock in a corporation do possess such equitable rights as will enable them under certain circumstances to claim the affirmative interposition of the court to arrest an unauthorized course of dealing by directors, or to prevent threatened diversions by them of the funds or capital to improper uses. There is notwithstanding a certain kind of trust relation between the stockholders and the directors of a corporation. The corporation being the immaterial, intangible, theoretic thing, while the directors are the living, acting, controlling, material agents by whom the injury may be committed.

The stockholders, however, in law, are the *cestuis que trust* of the corporation, not of the directors, and the directors are the managing agents, sometimes partners, whose acts may so control the corporation itself against the interests of the shareholders as to make it necessary for the shareholders to invoke the equitable interposition of the courts to restrain or otherwise control the action of the directors themselves. Though in theory the directors may only be agents, yet practically they possess the power to control the principal; and it is for this reason that the court will interpose; and it is a known principle of equity to allow no wrong to go unredressed, nor any threatened wrong to be unrestrained. This presents an anomalous case, for which the court will furnish a remedy. This principle, carried out in practice, will be found in some of the cases above cited, and also in *Dodge* v. *Wolsey*, (18 *How. U. S. R.* 331, 341, and *Angell & Ames on Corp.* 304–308.) Indeed without citation of authority such a case, I think, comes within the great principles of natural equity; and the courts of equity will not allow of such injustice. Such is the anomalous character of their trust, made up as it is of corporate or artificial existence controled by natural agents, that it is an exception to general rules, and beneficiaries might sometimes be remediless but for such equitable interposition. I am also inclined to hold that where directors of such an association or banking institution knowingly and in violation of their duty commit fraud upon the interests committed to their charge, or knowingly allow it to be done by one or more of their associates or chosen officers, they become answerable *individually* to stockholders or other beneficiaries of the fund, on the basis of the fraud. (*Cunningham* v. *Pell*, 5 *Paige*, 607. *Ang. & Ames on Corp.* 307. *Dodge* v. *Wolsey, supra. Carpenter* v. *Danforth*, 52 *Barb.* 584.) While these views are involved in this demurrer as necessary to its decision, and perhaps to a future trial, the

question under this point resolves itself strictly into this : Can this action be maintained against a part of the directors by a stockholder without making the corporation itself a party? The weight of authority, I think, is against it. This question seems to have had full consideration in the Superior Court of New York, at both special and general terms, and is reported in 10 *Bosworth*, 674. At the conclusion of that well considered case, at page 693, the court lay down three distinct propositions as follows :

1. "That the plaintiff cannot recover in an action at law against defendants, as trustees of the corporation, for any damage by their acts which consists solely of his loss of his share of the assets embezzled by them.

2. "That he has not alleged any damage to himself specially, beyond such loss.

3. "That in order to get his share of the damages for injury done to the corporation by the embezzlement of its assets, he must make such corporation a party to the action."

This decision and the cases cited at page 576 proceed upon the principle that the funds wasted or misappropriated were in law the money of the *corporation;* and the damage *primarily* was directly a damage done to the corporation ; that the defendants were liable for their misconduct to the corporation ; that the latter could recover therefor ; and is the only person at law that had any legal right of action for the money so embezzled. It is called an action at law, though I do not see for what reason. The pleadings were under the Code ; and although it does not seem to have been made a point, yet if the theory is sound that the title to the moneys squandered was in the corporation, then under the provisions of sections 111 and 113 of the Code the demurrer should have been overruled on that ground, as well under the Code ; it is immaterial what the action is called. See *Allen* v. *Curtis*, (26 *Conn.* 456, 7,) which holds that

not only the corporation should be made a party, but also all the stockholders. A still stronger case against the right of the plaintiff to maintain this action without making the bank a party, is *Smith* v. *Hurd*, (12 *Metc.* 371.) See the able opinion of Shaw, Ch. J., p. 384. He says: "Here is no legal privity, relation or immediate connection between the holders of shares in a bank in their individual capacity, on the one side, and the directors of the bank, on the other. * * The bank is a corporation and body politic: having a separate existence as a distinct person in law, in whom the whole stock and property is vested, and to whom all agents, debtors, officers and servants are responsible * * for all torts and injuries diminishing or impairing it." * * "If a single stockholder can sue for one and the same default of the same directors (in that case,) thirty-five hundred actions might be brought," &c., &c. I have found sufficient authority in our own state to authorize a holding that directors of a corporation are liable to stockholders and creditors of the corporation for a *fraudulent* breach of trust. This is doubtless based upon the ground that the act is the individual fraud of the directors, by which the party is injured, and not that of the corporation. However this may be, I have not been able to find any case in which an action may be maintained against a part—or indeed the whole—of the directors of a corporation without making the corporation a party. The case of *Cunningham* v. *Pell*, (5 *Paige*, 607,) has gone farther than any other in the direction of holding a liability upon directors, and in that case, at page 613, the chancellor says: "But it is a fatal objection to all the relief claimed by this bill, that the corporation is not made a party." And see the cases above cited, to the same effect.

Upon a view of the whole case, I think the order of the Special Term must be reversed on the ground of a defect of parties, with costs.

MILLER, P. J., and PARKER, J., concurred in the result.

Order reversed, with leave to serve an amended complaint, upon payment of costs.

[THIRD DEPARTMENT, GENERAL TERM, at Albany, March 5, 1873. *Miller, Potter* and *Parker*, Justices.]