## SUPREME COURT.

### Francis Greaves agt. Henry A. George.

*When corporation a necessary party to an action against its trustees.*

To an action by a stockholder against the trustees or directors of a corporation for a conversion or misappropriation by them of corporate property, the corporation is itself a necessary party.

*New York, Special Term, January,* 1875.

*W. T. B. Miliken,* for plaintiff.

*Oscar Frisbie,* for defendant.

Van Vorst, *J.* — The several acts of the defendant, and which are all alleged in the complaint to have been illegally and fraudulently committed, were injuries directly to the corporation, of which defendant was president and in which plaintiff was a stockholder.

They consist of the conversion by the defendant, to his own use, of the whole surplus earning of the corporation; the illegal appropriation to himself of its funds to the amount of $4,000 a year since the corporation was formed; the further appropriation to himself and to his own individual use, and that illegally, of personal property and chattels of the corporation; the payment with corporate funds for work and labor rendered for his individual benefit; and the pledging of the credit of the corporation, and the use of its funds and notes, for his own and not the company's advantage.

This property which had been illegally and fraudulently converted and these moneys and credits which have been

Greaves agt. George.

misapplied belonged to the corporation, and this infidelity in office on the part of the defendant, and which resulted in substantial injury to the corporation, was in disregard of the duty he owed it as its president and one of its trustees.

To the corporation the defendant is directly responsible, and an action for the recovery of these moneys and for damages, the consequences of his illegal acts, could be maintained against him by the corporation; and if this property can be restored, and these moneys and damages be recovered by the corporation, the value of the plaintiff's interest in the corporation will be repaired.

The plaintiff alleges in his complaint that these illegal and fraudulent acts of the defendant, have rendered his stock, which was formerly valuable, of no value.

The injury which the plaintiff has sustained in the depreciation of his stock, proceeds, in fact, from the abstraction and diminution of the corporate property and assets.

Could the corporation be made whole the plaintiff would be made whole.

This action is not brought in the interest of the corporation, nor for the recovery of its property, nor its restoration.

Nor could such action be maintained in the name of the plaintiff, although he is a stockholder, in the form in which this action is instituted.

An action for such purpose should be in the name of the corporation; but if the corporation, or its officers, should refuse, on the application of the stockholders to bring such action, it might be brought by a stockholder for the benefit of himself and others similarly situated, and in such case the corporation should be made a defendant.

No case has been adduced by the counsel for the plaintiff, which is a direct authority for the support of an action by a stockholder to recover at law, damages which he claims to have individually sustained through the depreciation of the value of his stock, by misappropriation or conversion of corporate property by a trustee.

On the other hand, *Smith* agt. *Hurd* (12 *Metcalf*, 371), decides that no such action can be maintained. SHAW, C. J., says: "We are not aware that any similar action has been sustained in England or in any of the courts of this country." He further adds: ".To the corporation and body politic, having a separate existence as a distinct person in law, in whom the whole stock and property are vested, all agents, debtors, officers and servants, are responsible for all contracts, express or implied, made in reference to such capital, and for all torts and injuries diminishing or impairing it."

This subject had a careful consideration in *Gardiner et al.* agt. *Pollard et al.*, in the superior court (10 *Bosw.*, 674).

That action was brought by a stockholder to recover damages for alleged acts of the defendants, whereby his stock in the corporation, of which the defendants were trustees, had been rendered valueless, and he deprived of dividends which he would have otherwise received to a large amount.

The misconduct imputed to some or all of the defendants, and which it was alleged caused the injury, consisted in the receipt by Pollard, and the wrongful appropriation to his own use and that of the other defendants, of the net income of the property of the corporation, to the amount of $150,000.

It was alleged that a conspiracy had been formed by the defendants, to embezzle the income of the company, and to defraud the plaintiff of the value of his stock, and of the dividends thereon.

A demurrer was interposed to the complaint, and BOSWORTH, C. J., in a well considered opinion at special term, sustained the demurrer.

He says: "The corporation is the only party that can properly sue. If it refuse, then a stockholder, on an allegation of that fact, may sue on behalf of himself and other stockholders and make the corporation a party defendant. The complaint is defective in substance, in that the suit is neither brought by the corporation nor is it made a defendant, on an allegation showing the necessity therefor."

At general term the ruling of justice Bosworth was affirmed.

In *Cazeaux* agt. *Mali* (25 *Barb.*, 578), in this court, the directors of a corporation were held to be liable directly to a stockholder for their fraudulent acts, through which his stock had been rendered valueless. One act complained of was a fraudulent issue by the directors of spurious stock, by reason of which the stockholder claimed to have sustained individual damages. Another ground of complaint and damage was that the plaintiff purchased eight hundred shares of the spurious stock, believing it to be genuine. As the corporation was not bound to recognize this spurious stock it added nothing to its liabilities, and was no true source of injury to the corporate property, and gave the holders thereof no claim against the corporation.

And the cause of action in such case would be in favor of the stockholder who had sustained the injury, against the injuring directors.

The court held that the injury was peculiar to the stockholders.

*Crooks* agt. *Jewett* (12 *How. R.*, 19), was a motion to vacate an order of arrest. The contents of the affidavit upon which the defendants were arrested are stated in the opinion. There had been in the case an embezzlement of corporate property by the directors, and also a fraudulent issue of spurious stock. The motion to vacate the order of arrest was denied.

I do not think that that case, if urged as an authority to support the present action, can for the reasons above stated be sustained. Had the question arisen on a demurrer for the non-joinder of the corporation as a party, the result would have probably been that the demurrer would have been held to be well taken as to the causes of action, except for the issue of spurious stock.

In *Robinson* agt. *Smith* (3 *Paige*, 222), the chancellor says: "The directors are the trustees or managing partners, and the stockholders are the *cestuis que trust*, and have a joint

Greaves agt. George.

interest in all the property and effects of the corporation; and no injury the stockholders may sustain by a fraudulent breach of trust can, upon the general principle of equity, be suffered to pass without a remedy."

But in such action the chancellor held that the corporation should be before the court as complainant or as a defendant. *Cunningham* agt. *Pell* (5 *Paige*, 607), is to the same effect.

In this action the injury the plaintiff claims to have sustained is the direct consequence of the depleted and weakened condition of the corporation, through the abstraction by the defendant of its funds and property. The proximate cause of his damage is the diminished assets of the corporation.

The allegation that the directors had fraudulently prevented the declaring of dividends is only another statement for the abstraction of the surplus funds, through which such end was accomplished.

The action cannot be sustained as one to recover peculiar damages by the plaintiff sustained, as the complaint does not sufficiently allege any loss to himself, proceeding from the acts of the defendant, except through the abstraction and conversion of corporate property. Nor does it aid the complaint, that provision is made therein for the intervening of other stockholders should they so elect.

If it be to recover his peculiar damage, other stockholders cannot properly intervene, as they have no interest in the plaintiff's recovery for his individual loss.

To be upheld as an action to obtain appropriate redress for the fraudulent acts of the defendant, in conjunction with other directors and trustees, by which the corporation has sustained loss and damage, the complaint is defective, in that the corporation is not made a party defendant, with appropriate allegations that, upon application by the stockholders, it had refused to bring an action, and was, therefore, made a defendant.

There should be judgment for the defendant on the demurrer, with costs.