## SUPREME COURT

### IN THE MATTER OF THE REFORMED PRESBYTERIAN CHURCH OF THE CITY OF NEW YORK.

A forfeiture of the charter of a corporation can not be alleged, nor the question of forfeiture considered upon a collateral proceeding. Even where the terms of the charter are that the corporation *shall be dissolved*, on the non performance of a condition, the mere failure to perform is not, *ipso facto*, a dissolution, but judicial proceedings, and a judgment of ouster must be had to effect a dissolution.

Where a religious corporation, formed under the act of April 5th, 1813 (the general incorporating act), conveyed to individual members, lots in their burial ground, the deed running "to the party of the second part, his heirs and assigns for ever, to be used for the purpose of a burial place only," *it was held*, that this is a grant of the use of the lots as a place of burial in subordination to the right of the corporation in the soil or freehold, and that the trustees have a right, upon complying with the provision of the statute, and by leave of court, to sell the property and remove the remains of the dead.

Provision should be made, in such case, to secure a proper place of burial for the remains disinterred.

*New York Special Term, January* 1853. This was an application on the petition of the Reformed Presbyterian Church

In the matter of the Reformed Presbyterian Church of New York.

for leave to sell real estate. The facts appear sufficiently by the opinion of the court.

G. M. SPEIR, *for Petitioners.*

F. R. TILLOU, *for Respondents.*

EDWARDS, Justice.—The first objection which is made to this application is, that the petitioners failed to render an account pursuant to the provisions of § 10 of the act of April 5th, 1813, " for the incorporation of religious societies " (*Laws of* 1813, *p.* 217).

Assuming, for the purposes of this matter, that the petitioners have neglected to render the account required by the statute, and that by reason of such neglect they have subjected themselves to a forfeiture of their charter, and that the act of March 30th, 1850, does not relieve them from such forfeiture; still no valid objection can be made to this application upon that ground, for it is well settled in this state that the question of forfeiture can not be considered upon a collateral proceeding, and that even where the terms of the charter are that the corporation shall be dissolved on the non performance of a condition. The mere failure to perform is not *ipso facto* a dissolution, but judicial proceedings and a judgment of ouster must be had in order to effect a dissolution (People vs. Manhattan Co. 9 *Wend.* 351; Bank of Niagara vs. Johnson, 8 *Wend.* 645).

The next objection is that there is not such a consent to the application as is required by the act of April 11th, 1842 (*Laws of* 1842, *p.* 259).

The petition sets forth that the whole of the male members of the congregation have given their consent, and such consent, duly proved, is annexed to the petition. The respondents say in their affidavits, that three-fourths of those who have signed the consent, are *not interested in the premises described in the petition.* The answer to this is that the statute does not require that they should be. All that is required is that there shall be a consent in writing of three-fourths in number of the *congregation* or *society* of the church or congregation.

The next objection taken is that the respondents have such an interest in the lots which they claim that the corporation of the

church has no power to make, and that this court has no power to grant the application

The terms used in the instrument under which the respondents claim a right of burial are, that the corporation " do sell, convey and confirm unto the party of the second part, his heirs and assigns for ever, to be used for the purpose of a burial place only, that certain piece of ground, &c." If this is to be construed as a conveyance in fee, then the respondents have no interest whatever in the premises; for the corporation had no right to make such conveyance without the authority of the chancellor, and it is not pretended that they had such authority.

In my judgment the proper construction to be given to the instrument is, that it is a grant of the use of the lot as a place of burial in subordination to the right of the corporation in the soil or freehold, and that the trustees have a right, upon complying with the provisions of the statute, to sell the property and remove the remains of the dead, if this court shall deem it proper, in the exercise of its judgment, to authorize them to do so.

I think that a proper case is made out by the petitioners, to entitle them to the order which they ask for; but a provision must be made in the order which shall secure a proper place of burial for the remains which shall be disinterred.