By the Court:

Monell, J.
The objections to a recovery in this action may be disposed of nearly in the order they were stated.
First.—The pending of another action against this and other defendants, as trustees, to enforce their joint liability under the statute for falsely making, as was alleged, a certificate that all the capital of the company had been paid in, was not a defense io this action. The liability which was sought to be enforced in .the other action was for a different cause, and to recover a different penalty.
Second.—The authority of the treasurer of the company to make the note on its behalf was, I think, sufficiently established. The judgment-roll, in the action against the company, which was given in evidence for the purpose of establishing the making of .the note and the authority of the treasurer, was conclusive upon .the company, and was open to attack by the defendant only for fraud or collusion (Horry v. Ten Broeck, 3 Robt., 319, and cases there cited).
Third.—The proof was also prima facie sufficient that the -defendant had accepted the office of trustee under the election of April., 1866. Indeed it was, I think, substantially admitted by -him in ¡his answer. Besides, it was sufficient to show his election, *659 and it then lay with him to show his non-acceptance of the office.
Fourth.—The two objections, that as to creditors of the company the company was dissolved, and that the defendant ceased to be a trustee previous to the first of January, 1867, were put upon the ground that the company had, prior to that time, become insolvent, and had ceased to do business. It was admitted that no meeting of the company, or of its stockholders or trustees, had been held or business transacted since April, 1866, at which time the company became insolvent.
The objections, however, were untenable. Corporations are not dissolved either by insolvency or by non-user. These are grounds for judicially declaring a corporation dissolved, but do not operate to create a dissolution. That can be effected only in the mode prescribed by statute (2 R. S., 466; N. Y. Marbled Iron Works v. Smith, 4 Duer, 362). So long, therefore, as the term of office of the defendant continued, he remained a trustee, notwithstanding the insolvency and non-user of the company. He was elected a trustee in April, 1866, for the ensuing year, and was therefore in office diming January, 1867.
But the principal objection relied upon by the defendant arises upon the defense of the statute of limitations. It was claimed that more than three years had elapsed, after the cause of action had accrued, before the commencement of the action.
The statute (Laws of 1848, chap. 40, p. 54, § 12) requires that corporations formed under it shall annually, within twenty days from the first day of January, make and publish a report of their financial condition; and, upon failure to do so, all the trustees “shall be jointly and severally liable for all the debts of the company then existing,” etc.
The statute has uniformly been held to create a liability, which is in the nature of a penalty, and therefore within the limitations of actions for penalties and forfeitures (Code, § 92, sub. 2; Bird v. Hayden, 1 Robt., 382; McHarg v. Eastman, 7 id., 137; Merchants’ Bank v. Bliss, 35 N. Y. R., 412).
• It is conceded that the defendant, being" a trustee at the time *660 the company failed to make its report within the first twenty days in January, 1866, was liable upon that default, and could immediately thereupon have been prosecuted for the existing debts of the company. And it must be conceded that if thereafter, and before another default of the company had occurred, the defendant had ceased to be a trustee, his liability would have been confined to such previous default. So that it is quite clear that, as respects the liability of the defendant for the omission of the company which happened in January, 1866, the statute began to run at that time, and is a complete bar as to that liability.
But it appears that the,defendant continued in office, and was a trustee in and during January of the succeeding year, when another default of the company occurred; and it is claimed that, as respects the cause of action in this suit, the statute began to run only from that time.
Whether that is so depends upon whether there can be several and separate liabilities created by several and separate defaults of the company.
I think the proper construction of the statute is, that for each default of the company the trustees in office at the time are re sponsible to the creditors, and that such responsibility is not confined to a single default, or to one or more defaults, but for every time the company fails to comply with the statute the trustees then in office become liable for all existing debts. And, although the defendant was a trustee in January, 1866, and became liable to the plaintiff at that time, nevertheless he became again and freshly liable in the January of the succeeding year, and a creditor of the company could elect upon which default he would proceed. The creating of a new liability each year that a default is made does not deprive the creditor of the right to seize upon the penalty at any time. The statute declares, that upon a failure to make an “annual” report the liability shall arise for all debts then existing. So that the penalty for any failure is the existing debts of the company. When the company failed to discharge its duty in January, 1866, the defendant *661 became liable for the penalty which was then imposed. But for that penalty this action doubtless was barred by the statute. But in January, 1867, the. company again failed to discharge its duty, and the defendant, as one of its trustees, again became liable for the penalty, namely, for all debts then existing, and among them this debt due to the plaintiffs. If it could be said that, because there was a right of action against the defendant in January, 1866, he could not be held responsible for the company’s default in the succeeding year, then this action would be barred. But it cannot be pretended that a mere previous liability would screen the defendant from the consequences of a subsequent default of the company. On the contrary, a new and fresh liability was created on each successive failure of the company, and the statute would begin to run only from the last default. The action, therefore, was very properly founded upon the company’s default in January, 1867, and the statute commenced running only from that time.
This new or original liability, created by each successive default, is fully recognized in Boughton v. Otis (21 N. Y. R., 261). The company, in that case, had failed to make its annual report in January, 1857, but the defendant was not made a trustee until the subsequent March, and the court held, that only such trustees as were in office when the default occurred were liable for existing debts. In the course of the opinion Judge Comstock says:
“A single case may occur where successive boards may be liable for the same debts, and that is where there are successive defaults in January. By the express terms of the statute, the trustees, omitting to file their statement within the first twenty days of that month, are liable for all debts then existing. Now, the debts then existing may be, wholly or partly, the very debts for which their predecessors became liable by reason of a previous default in the January of the preceding year. But from this simple liability there is a chance of escape by a simple performance of the duty required.”
And in Shaler and Hall Quarry Co. v. Bliss (27 N. Y. R., 297), *662 the court says three things must concur, in point of time, to render a trustee liable, viz., the existence of the debt, a default in making the report, and the trusteeship. Where these concur the trustee is liable for all debts, “ if he was such trustee when the default occurred.”
Upon our construction of the statute, therefore, there was no error in overruling the defense.
The exceptions must also be overruled, and judgment ordered for the plaintiff on the verdict, with costs.