EDWARD STRONG v. THOMAS SPROUL AND OTHERS.

In an action against defendants, as trustees of a corporation formed under the general manufacturing act (Laws of 1848, ch. 40), for neglect to make, file and publish the yearly report required by § 12 of that act, it was set up as a defense that during all the time of the alleged default of the defendants to comply with the provisions of the statute, one A. B. was also a trustee of the company and should be made a party defendant. Held,

1. That this was a mere dilatory plea, in which great strictness should be exacted in requiring the presentment of every material fact essential to such a defense, and was bad unless it showed that the person claimed to be jointly liable was living.

2. That the liability of the defendants in such a case was in tort and not on contract, and that a non-joinder of some of them constituted no defense.

APPEAL by defendants from an order declaring frivolous certain defenses set up in the answer, and ordering judgment thereon. The facts are stated in the opinion.

*Niles & Bagley*, for appellants.

*A. R. Dyett*, for respondent.

By the Court.*—Robinson, J.—This action is founded upon a claim by plaintiff, as creditor of a corporation formed under the general manufacturing act of 1848 (chap. 40), against the defendants, as trustees, for neglect to make, file and publish the yearly report required by the 12th section of that act.

· The order appealed from adjudged the third, fifth and sixth defenses, interposed by the answers of the defendants, frivolous, and gave judgment against them accordingly.

As to the third defense, that the indebtedness of the company was secured by mortgage, and as to the fifth, setting up the existence of the same mortgage, with the further allegation that the plaintiff had not exhausted his remedy against the company or recovered a judgment on his claim against it, no considerations were presented on the argument in their support, and they were manifestly frivolous.

As to the sixth defense, that during all the time of the alleged default of the defendants, as trustees, to comply with this provision of the statute, "one L. D. Fredericks was also a trustee of said company, and should be made a party defendant in this action."

The defense of the non-joinder of a co-contractor, may be interposed in an action upon contract, but it is a mere dilatory plea, in which great strictness is exacted, requiring the presentation of every material fact essential to such a defense. It must truly disclose all of such co-contractors jointly liable with the defendant, and neither more or less, in order that, on amendment, no such objection as to parties may again arise (*Mechs. & Farmers' Bank* v. *Dakin*, 24 Wend. 411 ; *Hawks* v. *Munger*, 2 Hill, 200). It must aver that the person alleged to be omitted as a necessary defendant, is living (3 Ch. Pl. 900 n. f.), and must leave nothing to intendment. Even a complaint by which it appears there was another joint contractor in respect to

---

* Present, Daly, Ch. J., Robinson and J. F. Daly, JJ.

the debt sued on, where it does not appear affirmatively that he was living when the action was commenced, is not liable to demurrer, for defect of parties (*Burgess* v. *Abbott*, 1 Hill, 476 ; *Brainard* v. *Jones*, 11 How. Pr. 569 ; *Scofield* v. *Van Syckle*, 23 Id. 97 ; *Strong* v. *Wheaton*, 38 Barb. 616).

In *Taylor* v. *Richards*, 9 Bosw. 679, the answer, while not alleging that the persons claimed to be liable with the defendant were living, yet stated that they *all resided in the city of New York*, and the court held the averment sufficient. Nothing of that character appears in this sixth statement of a defense, nor is there any suggestion of any matter of fact importing that Fredericks was still living, in the mere legal conclusion that " he should be made a party defendant."

Besides, although this statute makes the defaulting trustees " jointly and severally liable " for the debts of the company, such liability does not arise upon contract, but by way of penalty, for the omission of a duty imposed by statute (*Merchs. Bk. of N. H.* v. *Bliss*, 35 N. Y. 412 ; *Nimmons* v. *Tappan*, 2 Sweeny, 652), and being *ex delicto*, a defense by way of abatement for non-joinder of others equally guilty, furnished no ground of defense, especially as no benefit could accrue to the defendants sued, from such joinder, through any right to contribution from the other wrong-doers as co-defendants, or otherwise, as none such exists (*Colburn* v. *Patmore*, 1 Cromp. Mees. & Ros. 73 ; 2 Greenl. Ev. § 115 ; *Wehle* v. *Haviland*, 42 How. 399, 410).

In *Andrews* v. *Murray*, 33 Barb. 354, it was expressly held by the general term of the Supreme Court of this district, that a trustee (defendant) of such a corporation liable for a similar default, had no such right of contribution against a co-trustee ; so that the liability of the trustees being as wrong-doers, and as in respect to all other torts, " joint and several," a non-joinder of some of them in an action brought therefor, constitutes no defense (1 Ch. Pl. 487 ; 2 Greenl. Ev. § 115).

The order appealed from was also in this respect correct, and should be affirmed, with costs.

Order affirmed.