By the Court.—Speir, J.
The appellant contends, that a receiver having been duly appointed in *331 the suit by Jason Crane against the corporation, the corporation was ipso facto dissolved, and ceased to exist from and after the day such receiver qualified.
As the judgment recovered by Douglas, the.plaintifFs assignee, appears to have been regularly obtained on the face of the papers put in evidence, the only question is whether the appointment of the receiver in the above suit by Crane dissolved the corporation.
At common law, the only adverse legal proceedings was by scire facias, by which a chartered corporation could be completely gnd finally annulled and annihilated . It seems a judgment of seizure in a quo warranto information, or proceedings against the franchises of a corporation, either by charter or proscription, did not operate to dissolve a corporation, but only to suspend its operation during the pleasure of the crown (Grant on Corp. 295, 301).
In this State there has been one uniform course of decisions on the subject, the tenor of which is that the legal existence of a corporation cannot be attacked collatterally, but only by judicial proceedings and judgment of ouster. •
Although the powers conferred on the receiver in this case, by the order of this court appointing him, restrains the corporation from exercising its powers, and using its franchises, making its officers subordinate to the will and action of the receiver, by delivering to him all its assets, books and papers; still its legal existence continues, ¿and any creditor is at liberty to proceed against it, in its corporate capacity. The reason is very plain. The object of the receiver’s appointment, and the ends sought to. be attained thereby, may be accomplished, and all proceedings instituted by him settled and discontinued, without involving the consideration of any question whatever which might arise in any action instituted directly for the purpose of dissolving the corporation (The People v. The *332 President of the Manhattan Company, 9 Wend. 351. In the matter of the Reformed Presbyterian Church of New York, 7 How. Pr. 476 ; Mickles v. The Rochester City Bank, 11 Page, 125).
In this court (Nimmons v. Tappan, 2 Sweeny, 652), it was held that corporations are not dissolved by insolvency, or non-user. These are grounds for judically declaring them dissolved, and in the N. Y. Marble Iron Works v. Smith, 4 Duer, 362, Oakley, Ch. J., says a corporation can only be dissolved by a surrender of its charter, accepted by this State, or by judicial proceedings instituted for that purpose. No corporation can be dissolved by a mere resolution of its directors, stockholders, or members ; not even when all the members concur in the act (See also Shellington v. Howland, 53 N. Y. 371).
The judgment must be affirmed, with costs to the defendant.
Monell, Ch. J., and Curtis, J., concurred.