# SUPREME COURT.

DANIEL B. ALLEN agt. THE NEW JERSEY SOUTHERN RAIL-
ROAD COMPANY *et al.*

*Action against a corporation, how brought.*

An action, to recover the property and assets, which are claimed to have
been illegally or fraudulently disposed of or converted, by the trustees
or directors of a corporation, should be brought in the name of the cor-
poration itself.

But should the corporation, upon application of stockholders, decline to
bring the action, the stockholders may sue, making the corporation a
defendant.

The omission of the corporation to elect officers, or to transact business, is
not a dissolution of the corporation, and affords no sufficient reason for
not making it a party defendant.

When the demand is personal, jurisdiction over the parties will confer the
right to take cognizance of the cause of action: so held when the trustees
of the corporation were made defendant.

When a corporation is made a party defendant, the directors thereof are
not necessary or proper parties, unless a personal claim be made of them.

*New York Special Term, January,* 1875.

*James Matthews,* for plaintiff.

*A. J. Vanderpoel,* for company.

*Thomas E. Wheeler,* for defendant Wheeler.

*Shearman & Sterling,* for defendants Gould, Osborn and
others.

VAN VORST, *J.* — Reason suggests that an action to recover
the assets of a corporation, which are claimed to have been
illegally and fraudulently disposed of or converted by the

Allen agt. New Jersey Southern Railroad Co.

trustees or directors, should be brought in the name of the corporation, the body which has directly sustained the injury.

The rights and property of the stockholders could be restored through such action, and authority in this regard is consonant with reason. In *Gray* agt. *Lewis* (*L. R.*, vol. 8, page 1050), JAMES, L. J., says: "Where there is a corporate body capable of filing a bill for itself to recover property either from its directors or officers, or from any other person, that corporate body is the proper plaintiff, and the only proper plaintiff."

But cases may arise in which it would be proper for a stockholder to bring an action substantially for such relief.

Should the corporation, upon application by one or more stockholders, decline to bring an action to recover corporate property from its officers or others improperly taken or withheld, then an action may be brought by a stockholder in his own behalf, and for all other stockholders; but in such case the corporation should be made a defendant, the reason therefor being stated in the complaint. All the acts of the directors, through which loss and damage are claimed to have been sustained, and for which redress is sought in this action, affected directly and instantly the corporation itself; and whatever injury the plaintiff, as a stockholder therein, has sustained, he suffers in common with other stockholders, through the loss by the corporation of its property and assets.

And could the corporation be restored to its rights and property, the plaintiff and other stockholders would be reinstated.

That the corporation itself is a necessary party to such an action is abundantly established by authority.

In *Robinson* agt. *Smith* (3 *Paige*, 233) the chancellor says: "Generally, where there has been a waste or misapplication of the corporate funds by the officers or agents of the company, a suit to compel them to account should be in the name of the corporation. But as this court never permits a wrong to go unredressed, merely for the sake of form, if it appeared

that the directors refused to prosecute, or if the corporation was still under the control of those who must be made the defendants in the suit, the stockholders, who are the real parties in interest, would be permitted to file a bill in their own names, making the corporation a party defendant " (*Gardiner et al.* agt. *Pollard,* 10 *Bosw.,* 674; *Cunningham* agt. *Pell,* 5 *Paige,* 607; *Gray and others, respondents,* agt. *The New York and Virginia Steamship Company, Supreme Court R., vol.* 5, *p.* 224).

When we consider the broad scope of this action, as indicated by the allegations of the complaint; how that the conduct of the directors of Raritan and Delaware Railroad Company, in the management of its concerns and the leasing and other disposition of its property, is to be reviewed, in which the rights of creditors and stockholders are concerned and will be affected; and when it is asked that sales of its property, made under judicial proceedings in another state, may be substantially declared invalid and set aside, and the property recovered from the purchasers; and when, in effect, it is sought to make a distribution of the property and assets when recovered, after the payment of the debts of the corporation, among its stockholders, it is evident that no satisfactory and just judgment can be made, for the protection of all parties and interests, unless the corporation, which, in law, represents all the stockholders, and should care for its creditors, is before the court as a party to this action.

Actions like the present one may be discontinued, settled or compromised by the plaintiff at any time before judgment, nor could any other stockholder prevent such result. Nor would such settlement or compromise prevent a suit by the corporation itself hereafter, for the same objects and results as are contemplated by this action, unless made a party to this proceeding, by the final determination of which, on the merits, it would be concluded and truly bound; and such conclusive and effective determination is the only one which it is desirable to reach.

A multiplicity of suits and an indeterminate result are alike to be avoided.

The facts alleged in the complaint may constitute a sufficient reason for not making the corporation a party plaintiff, but not for its omission as a party defendant.

The corporate existence of the Raritan and Delaware Railroad Company is not ended. No facts are alleged from which such conclusion can be drawn.

Its omission to elect officers, the sale of its property and assets, its failure to transact business, and the other facts in regard to it, as alleged, do not work a dissolution of the corporation.

In order to work a dissolution, there must have been a surrender of its charter to, and its acceptance by, the state, or there must have been a judgment of dissolution rendered by a court of competent jurisdiction (*Marble Iron Works* agt. *Smith*, 4 *Duer*, 362; *Kincaid* agt. *Dwinelle*, 5 *Jones & Spencer*, 326; *Slee* agt. *Bloom*, 5 *John. Ch.*, 366; *Casey* agt. *The Schoharie Valley Machine Company*, 2 *Hun Supreme Court R.*, 110; *Bradt* agt. *Benedict*, 17 *N. Y.*, 99; *Code, section* 430).

Several of the defendants have demurred to the complaint on the distinct ground that there is a defect of parties plaintiff, or defendant in the omission of the Raritan and Delaware Railroad Company, which should have been plaintiff, or upon its refusal to be made plaintiff, it should have been made party defendant. For the reasons above stated, and this defect in not making such corporation a defendant, the complaint is demurrable.

The defendant, the New Jersey Railroad Company, demurs, and asserts as grounds of objection that the court has no jurisdiction of the subject of this action, and that it has no jurisdiction of such defendant.

The first of these objections has reference to the subject of the action. It is not important now to determine all the relief to which the plaintiff may be entitled, in the event that

with the necessary parties before this court, a cause of action be established against some of the defendants, growing out of the allegations in the complaint.

Nor is it necessary to decide whether this court can or will examine into and practically review the proceedings in the court of chancery in the state of New Jersey, for the foreclosure of the mortgage described in the complaint, or interfere with the decree made therein, or the proceedings thereunder; nor whether this court will appoint a receiver of the lands and property of the Raritan and Delaware Railroad Company, situated in another state, or decree that an account be taken of its property, assets and liabilities, to the end that its property and assets be sold and disposed of, and distribution be made of the proceeds among the creditors, stockholders and parties in interest, and, in fact, terminate judicially such corporate existence.

But as far as this action seeks to charge the defendants, or either of them, personally, in respect of any of the matters alleged in the complaint, for personal wrong, injury or damage by which loss has been sustained, and for which the corporation might itself prosecute, I think this court has jurisdiction of the subject of the action. When the demand is personal, jurisdiction over the parties will ordinarily confer the right to take cognizance of the cause of action.

In regard to the other objection, the same is disposed of by section 427 of the Code, which declares that an action against a corporation created by or under the laws of any other state may be brought in this court by a resident of this state, for any cause of action (*Prouty* agt. *The Michigan Southern Railroad Company*, 1 *Hun Supreme Court Reports*, 655).

As to the defendants Gould, Norris, Palmer, Osborn and Martin, against whom no matter is alleged, and of whom no personal relief or claim is made, they are neither necessary nor proper parties.

They are represented by the corporation, of which they are alleged to be directors, and when the corporation itself is

Allen agt. New Jersey Southern Railroad Co.

made a party defendant, it is improper to add the trustees or directors as parties when no personal claim or judgment is asked against them.

,The conclusion arrived at is, that the ground of demurrer interposed by various defendants as to the omission of the Raritan and Delaware Railroad Company as a defendant is well taken, as is the demurrer interposed by the defendants Gould, Norris, Palmer, Osborn and Martin, for the reason that, as to them, the complaint does not state facts sufficient to constitute a cause of action, and judgment is given accordingly.

The other grounds of demurrer are not well taken, and are overruled.