Allen, J.
If the position of the appellant, that the Kew Y orle Silk Manufacturing Company was ipso facto dissolved hy the appointment of a receiver in April, 1866, and was not thereafter capable of suing and being sued as a corporation, is well taken, it would seem to follow that the condition precedent to an action against a stockholder, that there must be an unsatisfied judgment against the corporation, having become impossible of performance by the act and operation of law, is no longer of force, and the creditor has his action at once against the stockholders, without the necessity of an attempt first to recover the debt of the corporation. (Shellington v. Howland, 53 N. Y., 371.) The proceedings against the corporation are only required for the benefit of the stockholders, as a part of the immunity against a primary personal liability vouchsafed by law to corporators, shielding them from action until a bona fide attempt has been made and exhausted to obtain payment from the corporate property.
The judgment against the corporation is of no virtue or effect in the action against the stockholder, and is only evidence as proving the performance of the condition precedent. If, therefore, the judgment was valid the condition was performed ; if it was a nullity, because there was no corporation in existence after the appointment of the receiver, the condition was impossible of performance and was .of no force, and the right of the plaintiff to his action was perfect. Any other rule would give to stockholders of corporations laboring under pecuniary embarrassments a very easy way of escape from statutory liabilities, and would make the security intended by the personal liability clause of the act for the formation of manufacturing corporations (chap. 40 of Laws of 1848), for services performed for the corporation by laborers, servants and apprentices, a sham and a cheat rather than a substantial benefit. But it is not true that by the appointment of a receiver in the action commenced by Crane in April, 1866, the corporation was dissolved. The complaint was verified on the 16th of April, and probably was served *552 with the summons on the president of the company on the same day. On the next day, On proof of service of the summons and complaint, and ex parte, it was referred to a referee to appoint a receiver, and the corporation was enjoined from exercising any corporate rights or franchises or intermeddling with its property. Whether the injunction was ever served or any notice of the receiver’s appointment given to the corporation does not appear. A receiver was appointed by the referee and security given by him and the fact reported to the court. No other proceeding was had in the action. The action was for the recovery of a debt, and was brought pursuant to 2 Revised Statutes, 463, section 36. The receivership, although differing somewhat in its extent and purpose, and as to the powers, duties and obligations of the receiver, from an ordinary receivership for the preservation of property pendente lite, was nevertheless but a provisional remedy, and necessarily temporary, subject to the further order and direction of the court, and to any final judgment that might be given in the action. The proceedings against moneyed corporations given by statute in case of insolvency are more summary, and may be exercised upon petition as well as by formal action, and an order made upon petition after notice may be in effect final and enrolled as a final order in the proceeding, and in such case would have all the force and effect of a final judgment, as was suggested in Ferry v. Bank of Central New York (15 How. Pr., 445). To effect a dissolution of a corporation there must be the judgment of a court of competent jurisdiction declaring it dissolved; and until such judgment creditors may proceed by suit against the corporation, unless restrained by injunction. (People v. President of Manhattan Co., 9 Wend., 351; In re Reformed Presbyterian Church, 7 How. Pr., 476 ; Mickles v. Rochester City Bank, 11 Paige, 118.) A corporation may by virtue of proceedings against it, or by reason of its pecuniary condition, cease to exist for all practical purposes, all the purposes for which it was created or for which a corporation may exist, but it cannot be held to be actually dis *553 solved till so adjudged and determined, either by judicial sentence or the sovereign-power. Slee v. Blown (19 J. R, 456), was an action by a creditor against stockholders to enforce a personal liability under the statute making them liable for all debts due and owing by the company at the time of its dissolution (1 R. L., 247, § 7); and the Court for the Correction of Errors held, reversing the chancellor, that the corporation was dissolved within the meaning and intent of the act, by non-election of trustees and non-user of the franchises for a length- of time, and a sale by the sheriff of all its property real and personal in execution. Oh. J. Spencer, delivering the prevailing opinion, regarded the acts done and suffered to be done as equivalent to a direct surrender of the charter. The chancellor, in Bank Commissioners v. Bank of Buffalo (6 Paige, 497), distinguishes. between a final order or decree for the appointment of a réceiver of a moneyed corporation and a decree dissolving the corporation. He regards such final order or decree for the appointment of a receiver as “a virtual dissolution of the corporation,” and, “ therefore,” he was of the opinion that the court had jurisdiction to decree a dissolution in fact. If the appointment of a receiver was a dissqlution in fact, no other or further decree in that direction would have been necessary. When this learned jurist used the term virtual, in the connection referred to, it was a declaration that the corporation was not in fact dissolved. Virtual, is being in essence or effect, and not in fact. A corporation enjoined from the exercise of corporate franchises and deprived of its property is as if it did not exist, for the practical purpose of its creation. It may be " dormant, its vitality suspended as respects the exercise of its corporate powers, but it may, nevertheless, be liable to be proceeded against, by action, for any purpose for which an action would be available to any any one having a right to sue. Verplanck v. Mercantile Insurance Co. (2 Paige, 438), was a proceeding against a moneyed corporation, and -the order appointing the receiver was, as said by the chancellor (at page 452), in effect, a final *554 order in the cause, and unless altered or revoked, operated as a virtual, as distinguished from an actual dissolution of the corporation. The action was well brought by the assignor of the plaintiff against the corporation ; and the condition precedent to an action against the stockholders was fully complied with by the recovery of a judgment in the action and return of an execution unsatisfied thereon. The defendant did not cease to be a stockholder by the appointment of a receiver of the corporation. His stock may have been of but little or no value, but as the owner and holder of it he had and still has the same legal rights that he ever had, viz., to share in the earnings of the company and in the final distribution of the assets, should there be a surplus after the payment of the debts. As he has not ceased to be a stockholder the two years’ limitation for the commencement of the action against him prescribed by section 24 of chapter 40 of the Laws of 1848 does not apply. The claim of the plaintiff was proved by evidence independent of the judgment against the corporation. The record of that recovery was only put in evidence to show a compliance with the statute and that the plaintiff’s right of action was perfect.
There was no error in the proceedings and judgment, and there must be an affirmance of the judgment with costs.
All concur.
Judgment affirmed.