## COURT OF APPEALS.

FRANCIS GREAVES, appellant, agt. HENRY A. GOUGE, respondent.

*Corporation — action against trustees for injuries caused by fraudulent acts — corporation necessary party.*

An action for injuries caused by the fraudulent acts, or for misapplication or waste of corporate funds, by an officer of a corporation, must be brought in the name of the corporation, unless such corporation or its officers refuse to bring such action. In that contingency, and then only, can a stockholder bring an action for the benefit of himself, and others similarily situated, and in such case the corporation must be made a party defendant.

*Affirming S. C. (49 How., 79; 52 id., 58); see, also, Allen agt. N. J. So. R. R. Co. (49 id., 14); Russel agt. Wakefield (L. R.), 20; Equity Cases, 474.*

*November*, 1877.

*W. T. B. Milliken*, for appellant.

*Oscar Frisbie*, for respondent.

MILLER, *J.* — This action is for damages sustained by the plaintiff as a stockholder of a corporation, of which the defendant was president, by reason of a fraudulent and illegal conspiracy of the defendant, and another person who was also an officer of the company, by means of which, and by the acts of the defendant, the surplus earnings of the company were misappropriated, and said earnings and the property of the company converted by the defendant, and the stock of the plaintiff became worthless.

The plaintiff claims damages not only for the misappropriation of funds and property, but for the depreciation in market value of the stock belonging to him in said corporation.

Greaves agt. Gouge.

There is no doubt that a stockholder has a remedy for losses sustained by the fraudulent acts, and for the misapplication or waste of corporate funds and property by an officer of a corporation, but the weight of authority is in favor of the doctrine, that an action for injuries caused by such misconduct must be brought in the name of the corporation, unless such corporation or its officers, upon being applied to for such a purpose by a stockholder, refuse to bring such an action. In that contingency, and then only, can a stockholder bring an action for the benefit of himself and others similarly situated, and in such an action the corporation must necessarily be made a party defendant. When a stockholder brings such an action, the complaint should allege that the corporation, on being applied to, refuses to prosecute, and as this averment constitutes an essential element of the cause of action, the complaint is defective and insufficient without it. The claim of the plaintiff that when the stockholder seeks to recover his share of the loss which might be recovered of the company, and only then, the company must be made a party, is not sustained by the authorities, and those cited do not uphold the doctrine contended for. The same remark is also applicable to the position taken, that when the loss is peculiar to the stockholder, and is caused by the depreciation of the market value of the stock, that the loss may be recovered against a director or other person causing it, without making the company a party.

The decisions which are relied upon by the plaintiff are referred to and sufficiently considered in the opinion of the special, and that of the general, term, and the views there expressed so fully cover all the points which are now presented for consideration that it is not necessary to enlarge upon them.

The rule laid down is too well settled to be disturbed, and within such rule the judgment of the general term was right and should be affirmed.

All concur.