Van Vorst, J.
[After stating that the case was governed by the decision in Losee v. Bullard, 79 N. Y. 404, and that Nimmins v. Tappan, 2 Sweeny, 652, so far as it holds differently, must be deemed overruled.)*—Although it does not in words appear that the trustees, in office when the default in 1874 occurred, continued still to hold office, as such, during the subsequent years, and until 1877, yet there is enough stated to raise the implication that they were the same. That being so, their liability was fully fixed by the failure to file a report in 1874, when the debt existed.
I do not consider the subsequent case in the court of appeals (Duckworth v. Roach,ϯ not yet reported, but a memorandum of which has been handed up) as disturbing the rule laid down in Losee v. Bullard. In this latter case the omission to file reports in previous years did not, as it does here, appear by the pleadings.
This disposition of the second ground of demurrer adversely to the plaintiff, as it upholds the plea of the statute of limitations which is an answer to the action, *277 renders ifc unnecessary to consider the other ground of demurrer.
There should be judgment for the defendant on the demurrer, with costs.

 But see Anderson v. Speers, 8 Abb. New Cas. 382.

 See 80 N. Y. 648.