### Stromeyer *v.* Combes.

(*Common Pleas of New York City and County, Special Term.* September 13, 1888.)

1. Corporations—Officers—Misconduct—Action by Stockholder.

A stockholder cannot sue an officer of a corporation for injury to corporation property, caused by the latter's misfeasance in office, unless the corporation refuses to sue, and in that case the corporation must be made a party defendant. Code Civil Proc. N. Y. § 452, providing that the court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights, does not apply to such an action. Nor does section 1782, allowing a creditor, trustee, director, manager, or other officer of a corporation, having general superintendence of its concerns, to bring an action against the officers to set aside an alienation of corporation property made by them contrary to law, or foreign to the business of the corporation, apply to a stockholder.

2. Same—Action of Tort.

That the action is in tort against an officer who acted solely on his own responsibility in alienating corporation property, and signed the instrument of alienation individually, and not as trustee, does not alter the rule, as whatever damage plaintiff sustained was caused by defendant acting in an official capacity, and if he was not acting in an official capacity his act was nugatory.

Demurrer to complaint.

Action by Indiana V Stromeyer against R. Carman Combes for damages for alleged fraudulent and illegal disposition of plaintiff's rights and interest as a stockholder in the Pennsylvania & Western Railroad Company. The Code of Civil Procedure, § 1782, provides that an action may be brought, as prescribed in the preceding section, against the trustees or other officers of a corporation, among other things to set aside an alienation of property by the trustees or officers contrary to a provision of law, or for a purpose foreign to the lawful business and objects of the corporation, "by a creditor of the corporation, or by a trustee, director, manager, or other officer of the corporation, having a general superintendence of its concerns." Section 452 of the Code provides: "The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in."

*E. F. Bullard,* for demurrer. *Geo. P. Howe,* opposed.

Larremore, C. J. The complaint alleges as follows: That in May, 1882, the plaintiff was, and now is, the sole owner of 400 shares of capital stock of the Pennsylvania & Western Railroad Company, of which R. Carman Combes was president; that an agreement was made May 18, 1882, by Combes in his own right and as attorney in fact for certain of the stockholders, with one S. R. Peale, which recited a previous contract of January 7, 1882, with John C. Campbell, to construct and equip 70 miles of said road, and that Campbell had assigned his interest in the contract to the Franklin Improvement Company; that the parties of the first part to the agreement of May 18, 1882, owned a

majority of the stock of both companies, which they agreed to convey to Peale free from all debts or incumbrances, and also agreed to deposit with the Central Trust Company of New York certificates of shares of the capital stock of both corporations, accompanied by an assignment of the same to Peale, with all muniments of ownership, to be held by said trust company in escrow, and to be delivered to Peale when he had complied with the terms of his contract; that the contract with Campbell was to be rescinded at the option of Peale. The obligation of Peale under this contract was mainly the payment, upon the completion of the road, in money and in first mortgage bonds of the Pennsylvania & Western Railroad Company, to the parties entitled thereto, the amounts to which they were respectively entitled under such contract.   The complaint further alleges that plaintiff's interest in the Pennsylvania & Western Railroad Company under said contract is of the value of $28,040.50; that on August 7, 1882, the defendant, without the knowledge, consent, or authority of the plaintiff and the stockholders of the company, falsely and fraudulently entered into an agreement with Peale, whereby said contract of May 18, 1882, was rendered null and void, and the plaintiff thereby was deprived of and prevented from realizing and receiving her interest in the contract of May 18, 1882.   The contract of August 7, 1882, the alleged ground of fraud, after reciting that the counsel of Peale has doubts about the authority of the Pennsylvania & Western Railroad Company to locate and construct its railroad through certain counties in Pennsylvania, and it being desired to judicially determine that question, agreed that the time for the filing of the bond of $350,000 named in the first contract should be extended until the question in dispute should be judicially decided in favor of the Pennsylvania & Western Railroad Company; that, as a means for raising that question, Peale, and those acting with him, might proceed under the general railroad law of Pennsylvania to lay out a road upon a previously prescribed line, and there begin to locate and construct such road; and that the Pennsylvania & Western Railroad Company would proceed to construct its road at a different point upon such prescribed line, when the said new organization might file its bill, and challenge the right of the Pennsylvania & Western Railroad Company to occupy such prescribed location, or to build such railroad.   It is also provided in such later agreement that if the question of the right of location shall be adverse to the Pennsylvania & Western Railroad Company, Peale shall still have the option of its franchise for 90 days, and may comply with the terms of the foregoing contract.   If he do not so elect, "the route so occupied, and the papers and surveys and right of way thereof, shall be the property of said Peale, and he and the said new organization shall not be disturbed in the occupancy of said route by the Pennsylvania & Western Railroad Company, and the sum of $8,500, now in possession of R. Carman Combes, shall be retained by him in full compensation for the same."   This agreement was signed by Combes individually, and not as president of the company, or as trustee or attorney for the stockholders.   The defendant demurs to the complaint upon the following grounds:   *First,* that the complaint does not state facts sufficient to constitute a cause of action; *second,* that there is a defect of parties, because the Pennsylvania & Western Railroad Company, mentioned in the complaint, is not made either plaintiff or defendant.

It is quite evident that the preparation of the original contract in controversy was not the result of professional skill or legal ingenuity.   For what purpose the sum of $8,500 was paid and credited is quite mysterious and unsatisfactory.   The pleader, however, was obliged to accept the statement of the contracting parties, and resort must be had to the last clause of the supplemental agreement, set forth in the complaint, for the information that the sum last mentioned was a payment on account of the contract of May 8, 1882. The only claim asserted by plaintiff in the complaint is in her capacity of stockholder of the Pennsylvania & Western Railroad Company.   As such, and

in her own name, she insists that the defendant is individually liable for the fraudulent and illegal conversion and disposition of her property by reason of the existence of the contract of August 7, 1882. If that contract is illegal, its invalidity can be shown when an attempt is made to enforce it, or the plaintiff, and those having a like interest, may, by proper judicial proceedings, procure its rescission. Even if the plaintiff had the legal right to sue defendant, the mere allegation that the stock had become valueless would not be a sufficient averment of damage. It has been held that in a stockholder's action of this character, the plaintiff must show damages sustained beyond the intrinsic value of the stock, which may have been deteriorated or destroyed by the removal or destruction of the company's assets. But there is a more fundamental objection to this complaint. It has been established, by a long line of authorities, that an action against an officer of a corporation for misappropriation of corporation funds, or for damages for waste or destruction of corporation property, through misfeasance in office or violation of duty, must be brought in the name of the corporation, unless it refuses, and that in case of such refusal a stockholder may sue, but the corporation must be made a defendant. *Allen* v. *Railroad Co.*, 49 How. Pr. 14; *Gardiner* v. *Pollard*, 10 Bosw. 674; *Smith* v. *Rathbun*, 66 Barb. 402; *Dinsmore* v. *Railroad Co.*, 46 How. Pr. 193; *Greaves* v. *Gouge*, 54 How. Pr. 272. If it be true that some of such decisions were made before the enactment of section 1782 of the Code of Civil Procedure, I still cannot see how the language of that section extends the former rights of stockholders. They are not mentioned in it by name, and as far as it confers any power for their benefit it grants it to an officer of the corporation, or one having a general superintendence of its concerns, who is to sue for the general good of all parties in interest. The case at bar is a stockholder's action, and it does not appear that the corporation has refused to bring it; nor has such corporation been made a party defendant. These are fatal defects. Section 452 of the Code of Civil Procedure is not applicable to an action of this nature, and the authorities relied upon will not sustain it. In *Hale* v. *Bank*, 49 N. Y. 626, it was held that, under a covenant in a lease that the lessors should have a lien for rent on hotel furniture, the plaintiff might enforce an equitable lien upon the proceeds of such property which had been lost by the wrongful acts of the defendant. *Penman* v. *Slocum*, 41 N. Y. 53, decides that an action may be maintained upon an individual contract to pay the plaintiff and another a certain proportion of the proceeds of a sale, and that, in such a case, the defendant must be regarded as a *quasi* trustee, and bound to respond in a claim to establish such trust, and declare the plaintiff's right. *Wills* v. *Simmonds*, 8 Hun, 189, holds that one partner may sue another partner for a violation of an express covenant in the copartnership agreement. In *Hitchcock* v. *Linsly*, 17 Hun, 556, it was held that, the defendant's account as an executor having been passed, and it having been adjudged by the surrogate that he had $14,-538.33 for the benefit of the plaintiff and her two infant sisters, the plaintiff could sustain an action for the recovery of her one-third interest without joining her sisters. It would thus appear that where an individual liability has been fixed, by contract or by operation of law, the party in whose favor such individual right exists may enforce it irrespective of the rights of other parties, and this is the evident intention of section 452 of the Code. In the case now under consideration, the plaintiff has an interest in common with every other stockholder of the Pennsylvania & Western Railroad Company, against which the alleged fraud has been perpetrated, and the damages for such alleged fraudulent act, if any, can only be recovered, according to the authorities above cited, in an action either by the corporation or by an officer thereof, or in an action to which the corporation is a defendant, if it has refused to become the plaintiff. It is not necessary for me to decide whether section 1782 of the Code, providing for an action by an officer of the corpora-

tion, supersedes the former rule established by adjudications, and providing for such suit in the name of the corporation itself, or by a stockholder, if the corporation refuses. I may say, however, that I cannot perceive wherein the statutory remedy is inconsistent with the earlier common-law one, and why they may not both be considered as still existing and concurrent. But under neither rule, according to the facts alleged in the complaint, would the plaintiff, as a stockholder, be authorized to maintain this action. But plaintiff's counsel further alleges that this is an action in tort against an individual acting solely on his own responsibility, because "the supplemental contract causing plaintiff's loss was signed by Combes individually, not even as trustee." The answer to this contention is very obvious and simple.' Whatever damage of any kind the plaintiff sustained was occasioned by reason of defendant's acting in an official capacity. The mere fact that he signed as an individual would not affect the question, if in reality he was a trustee, and had the power and intended to act as such. This could be shown *aliunde.* If he was not acting in an official capacity, his act would have been nugatory, no more valid for any purpose than the unauthorized act of a mere stockholder or an utter stranger to the corporation. If his act was nugatory, it certainly could not have been a source of damage to any person. Unless, therefore, defendant was acting in an official capacity, no cause of action exists against him, and for reasons above given plaintiff cannot reach him in his official capacity under the present complaint. The demurrer is sustained, and the defendant is entitled to judgment thereon, with costs, with leave, however, to the plaintiff to amend on payment of costs.