## LAWSON *v.* STANLEY *et al.*

### (*Superior Court of New York City, Special Term.*  March 23, 1891.)

EXAMINATION OF PARTY BEFORE TRIAL—ACTION BY STOCKHOLDER.

An examination of defendant before trial will not be permitted in an action against an officer of a corporation, by a person who claims to be a stockholder therein, for an accounting and the appointment of a receiver, on the ground of mismanagement of the corporate affairs and waste of assets by defendant, where it appears that plaintiff's stock has been regularly transferred to defendant on the books of the company, though plaintiff asserts that the transfer was without consideration, and on conditions that were never performed; but plaintiff must first establish his title to the stock.

Action by Frederick B. Lawson against Davis A. Stanley and the Harris & Dew Faucet, Plug & Bung Company.  Plaintiff sued as well for the benefit of himself as of all other stockholders of defendant company, similarly situated, and who may come in and contribute to the prosecution thereof and become parties thereto.  The corporation was created September 9, 1882, with a capital of $300,000, for the manufacture and sale of plugs and bungs.  The corporation owned property worth $15,000, in addition to the exclusive right to manufacture and sell in the United States plugs and bungs under certain letters patent, said to be valuable, and the business of the corporation has increased yearly since its formation.  In 1884 the defendant Stanley purchased stock and became a director in the corporation, and in 1887 became its president, a position he has ever since held.  Since 1886, Stanley has owned a majority of the stock of the corporation, and has controlled its affairs and management.  It is claimed that, by reason of such control, Stanley has sold the greater part of the property of the corporation, and applied the proceeds to his own use; that he has in like manner misapplied large sums of money belonging to the corporation, claiming the right to retain such moneys for alleged services to it; that he has made private arrangements for the use of the corporate right to manufacture, from which he derives an income, to the exclusion of the other stockholders; that he has mismanaged the corporation, wasted and disposed of the assets, and so conducted its affairs that none of the stockholders except himself derive any benefit therefrom; that, having complete control and management thereof, the corporation will not bring an action against him; that he has not accounted to the corporation for the property sold or the moneys received; that he has all the books of the corporation, and will not exhibit them or disclose their where-

abouts; that he will not tell where the office of the corporation is, and no one can find it; in short, that Stanley has practically become the corporation, and the other stockholders outsiders. The action is by the plaintiff, as a stockholder, to compel Stanley to account for the property and moneys of the corporation wrongfully received and retained by him, and to recover damages for his wasteful management of the corporation, and to compel restoration, for the appointment of a receiver, or any other relief that may be necessary. The summons in the action has been served, and the plaintiff has obtained an order requiring Stanley to appear for examination concerning the matters aforesaid. Stanley objects to the plaintiff's right to such examination, and moves to vacate the order, for various reasons, and, *in limine*, that the plaintiff is not a stockholder, and has, therefore, no right to maintain the proceeding.

*L. Karge*, for plaintiff.    *Dill, Chandler & Seymour*, for defendants.

McADAM, J.    The facts disclosed are sufficient to call upon the attorney general of the state to compel the defendant Stanley to account for his official conduct, (Code, §§ 1781, 1782,) and sufficient to enable any stockholder, independently of the statute provision, to maintain an action to obtain the same end. Cook, Corp. § 645; *Atwool* v. *Merryweather*, L. R. 5 Eq. 464, note; *Dodge* v. *Woolsey*, 18 How. 331; *Hawes* v. *Oakland*, 104 U. S. 450; *Robinson* v. *Smith*, 3 Paige, 222; *Butts* v. *Wood*, 37 N. Y. 317; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 59; *Stromeyer* v. *Combes*, 2 N. Y. Supp. 232; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185, 193, 194, 1 N. E. Rep. 663. In order to invoke this extraordinary remedy, however, the plaintiff's *status* as a stockholder should clearly appear; for he is invoking a remedy which neither the corporation, said to have been ignored, nor the state, which has supervisory control over corporations, has deemed necessary or proper to initiate. The defendant Stanley denies that the plaintiff is a stockholder, while the latter claims he owns 50 shares of the capital stock of the corporation. The defendant Stanley produces the transfer book, and proves by it that the 50 shares were regularly transferred to him on the books of the corporation, by virtue of assignments in due form executed by the plaintiff. The plaintiff admits signing the transfers, but claims that they were delivered without consideration, and upon conditions which have not been performed. The facts qualifying the transfers are denied. Presumptively, they were made in the ordinary manner, and for value, and the *onus* of proving the contrary is on the plaintiff. This issue must be disposed of upon a trial, and not determined upon affidavits on mere motion. Until the plaintiff obtains an adjudication setting aside the transfers and establishing his title to the stock, the defendant Stanley must be regarded as the legal owner of it. The accounting sought by the plaintiff may follow the establishment of his legal title, but cannot precede it. The plaintiff cannot compel Stanley to submit to an inquisitorial examination in the nature of an accounting in aid of a right the plaintiff may never succeed in having judicially established. Upon this ground, and without considering the numerous other objections urged against the examination sought for, the order will be vacated, and the application denied, with $10 costs.