(5 Misc. Rep. 205.)

WILSON MANUF'G CO. v. SCHWIND et al.

(Superior Court of New York City, Special Term. October, 1893.)

1. SUPERIOR COURT OF NEW YORK—JURISDICTION.

Where the complaint in an action in the superior court of New York city for the price of goods sold avers that the goods "were sold and delivered to it, [the purchaser,] at its request, at the city of New York," it is sufficient to give the court jurisdiction, under Code Civil Proc. § 263, subd. 2, which provides that the superior city courts shall have jurisdiction "where the cause of action arose within that city."

2. CORPORATIONS—ACTION AGAINST DIRECTORS—PARTIES.

Under Laws 1892, c. 688, § 30, which provides that, if the directors of a corporation fail to file an annual report as required therein, they shall, jointly and severally, be liable for all the debts of the corporation, a creditor may sue all the directors, or any one or more.

3. SAME—PLEADING.

Laws 1892, c. 688, § 30, provides that every corporation, with certain exceptions, "shall annually, during the month of January, or, if doing business without the United States, before the first day of May, make a report," as therein prescribed, and that if the report is not made the directors shall be liable for the debts of the corporation. *Held*, that a complaint in an action against the directors of such corporation which states that the corporation did not make its report during the month of January in a certain year, but does not state whether it did so before May 1st in that year, or whether or not it did business within the United States, is insufficient.

Action by the Wilson Manufacturing Company against Schwind and others to charge defendants, as directors of the United States Supply Company, Limited, with the debts of their company. Defendants demur to the complaint. Sustained.

A. W. Fraser, for plaintiff.

Foster & Ackley, (Roger Foster, of counsel,) for defendants.

GILDERSLEEVE, J. The complaint alleges that the plaintiff is a corporation organized under the laws of Minnesota, but duly authorized to carry on business in the state of New York; that the defendants were, at all the times mentioned in the complaint, directors of a certain corporation organized under Laws 1875, c. 611, and the acts amending the same, called the United States Supply Company, Limited; that between the 9th day of September, 1892, and the 30th day of December, 1892, at the request of said company, the plaintiff sold and delivered to said company, at the city of New York, certain merchandise, for which the said company agreed to pay $1,321.54, of which sum it has paid $1,028.93, leaving a balance of $292.61, which is due and owing; that the respective parties were duly authorized to make the said contract; that the said corporation (the said United States Supply Company, Limited) "did not, during the month of January, 1893, nor did the defendants, or any of the directors of said company, make a report, as required by law in such cases to be made and provided, verified by the oath of the president or secretary or other officer thereof, and file the same in the office of the clerk of the county where it is required by law to be filed, nor has said company, or the defendants, or any of the directors of said company, made, pub-

lished, signed, or caused to be verified and filed, any such report, as required by law, but wholly failed to do so." And the complaint demands judgment against the defendants for the said sum of $292.61, with interest and costs. The defendants demur to the complaint on the grounds (1) that the court has no jurisdiction of the subject of the action; (2) that there is a misjoinder of the parties defendant; (3) that there is a defect of parties defendant, as it appears by the complaint that there were more directors of the United States Supply Company, Limited, who have not been made defendants; and (4) that the complaint does not state facts sufficient to constitute a cause of action.

The statute under which the action is brought (Laws 1892, c. 688, § 30) provides "that every stock corporation, except moneyed and railroad corporations, shall annually, during the month of January, or, if doing business without the United States, before the first day of May, make a report," etc., and, if the report is not made and filed as directed, "all the directors of the corporation shall jointly and severally be personally liable for all the debts of the corporation then existing, and for all contracted before such report shall be made," etc. It may be noted here that the complaint alleges that the United States Supply Company, Limited, was organized under Laws 1875, c. 611, which excludes moneyed and railroad corporations, so that the United States Supply Company could be neither of these, and does not come under the exception accorded to these corporations under the statute above referred to. I will consider the different grounds of the demurrer in their order:

The first ground of the demurrer is not well taken. The complaint alleges that the merchandise, on account of which the indebtedness of the United States Supply Company to the plaintiff arose, "were sold and delivered to it, (the United States Supply Company,) at its request, at the city of New York," etc. This brings the cause of action within subdivision 2 of section 263 of the Code,[1] (Gemp v. Pratt, 7 Daly, 197,) and gives the court jurisdiction.

---

[1] Code Civil Proc. § 263, provides as follows: "The civil jurisdiction of each of the superior city courts extends to the following actions and special proceedings, in addition to the jurisdiction, power, and authority, conferred upon it, in a particular case, by special statutory provision: (1) To an action of ejectment; for the partition of real property; for dower; to foreclose a mortgage upon real property or upon a chattel real; to compel the determination of a claim to real property; for waste; for a nuisance; or to procure a judgment directing a conveyance of real property; and to every other action to recover, or to procure a judgment, establishing, determining, defining, forfeiting, annulling, or otherwise affecting, an estate, right, title, lien, or other interest, in real property or a chattel real. But jurisdiction attaches under this subdivision, only where the real property to which the action relates, is situated within the city where the court is located. (2) To an action for any other cause, where the cause of action arose within that city; or where the defendant is a resident of that city; or where the summons is personally served upon the defendant therein; or where the action is brought to recover a penalty, or for any other cause of action given by the charter, a by-law, or an ordinance of that city."

Nor can the second or third grounds of the demurrer be sustained. The complaint alleges that the United States Supply Company was organized under chapter 611 of the Laws of 1875, and that it failed, and each and all of its directors failed, to make and file the report required by law. The statute above quoted (Laws 1892) provides that, if the report is not made and filed, "all the directors become jointly and severally personally liable," etc. The plaintiff was at liberty to sue all the directors, or one or more, as it saw fit to do. Halstead v. Dodge, 1 How. Pr. (N. S.) 170; Botsford v. Dodge, 65 How. Pr. 145. In a joint and several liability, two may be joined, although there are more than two holding the same relation. Quigley v. Walter, 32 N. Y. Super. Ct. 175; Field v. Van Cott, 15 Abb. Pr. (N. S.) 349; Botsford v. Dodge, 65 How. Pr. 145. See, also, Code, §§ 454-456.

It seems to me, however, that the demurrer must be sustained upon the fourth ground, i. e. that the complaint does not state facts sufficient to constitute a cause of action. The statute, as we have seen, provides "that every stock corporation, except moneyed and railroad corporations, shall annually, during the month of January, or, if doing business without the United States, before the first day of May, make a report," etc. The complaint only alleges that the United States Supply Company did not make and file its report during the month of January, 1893. It does not state whether or not the company made and filed its report before the 1st day of May, 1893. Nor does the complaint state whether the company did or did not do business without the United States. Under the statute, if the company did do business without the United States, it was not required to make and file its report during the month of January, 1893, but could do it at any time before the 1st day of May, 1893. This action is penal in its nature, and the plaintiff's pleading should be strictly construed, and ought to contain all the allegations necessary to bind the defendants. In pleading upon statutes, where there is an exception in the enacting clause, the complaint should show that defendant is not within the exception. This the complaint herein has failed to do. The demurrer must be sustained, with costs.