(22 Misc. Rep. 533.)

### KUGELMAN v. HIRSCHMAN et al.

(City Court of New York, General Term. February 7, 1898.)

1. DEFECT OF PARTIES—DEMURRER.
   A defect of parties defendant, in order to be taken advantage of by demurrer, must appear on the face of the complaint.

2. MEMBERSHIP CORPORATIONS—LIABILITY OF DIRECTORS.
   Under Laws 1895, c. 559, § 11, rendering the directors of a membership corporation jointly and severally liable for certain debts of the corporation, an action may be maintained against one, any, or all of them.

Appeal from special term.

Action by Moritz Kugelman against Rosa Hirschman and another. From an order adjudging demurrers interposed by defendants to be

frivolous, and directing judgment for plaintiff, defendants appeal. Affirmed.

Argued before McCARTHY and O'DWYER, JJ.

Samuel Greenbaum and Jacob H. Denehholz, for appellants.
Gruber & Bonynge, for respondent.

O'DWYER, J. The action is brought to recover from the defendants, as directors of the Ladies' Deborah Nursery and Child's Protectory, for goods sold and delivered, and work, labor, and services rendered, to said corporation by the plaintiff. The defendants demurred to the complaint on the ground that there is a defect of parties defendant, and that the complaint does not state facts sufficient to constitute a cause of action. The defect of parties defendant, if defect there be, as stated in the demurrer, does not appear on the face of the complaint, and therefore cannot be taken advantage of by demurrer. The allegation in the complaint to which the demurrer is directed is that marked "Seventh," which reads as follows: "That the defendants, during all the times when the debts herein alleged were contracted, were directors of said Ladies' Deborah Nursery and Child's Protectory." The defendants demur, stating this ground for their demurrer: "That it appears upon the face of the complaint that there is a defect of parties defendant in the omission of all the other persons besides the defendants who were directors of the Ladies' Deborah Nursery and Child's Protectory during the times mentioned in said complaint." It is clear, from mere inspection of the complaint, that no such defect appears upon the face thereof. The complaint simply states that the defendants "were directors," and does not state whether they were or were not all directors during said time. A demurrer upon such ground is bad, unless it appears affirmatively in the complaint that some person or persons who should have been made defendants were omitted. The court will take judicial notice of the statute (Laws 1895, c. 559, § 11), and under it the directors are jointly and severally liable, and the plaintiff may sue one, any, or all. Strong v. Sproul, 4 Daly, 326; Halstead v. Dodge, 51 N. Y. Super. Ct. 169, 170; Manufacturing Co. v. Schwind, 25 N. Y. Supp. 808, 5 Misc. Rep. 205; Bank v. Andrews (City Ct. N. Y.) 18 N. Y. Supp. 167; Quigley v. Walter, 2 Sweeney, 175. The complaint sets out all the facts necessary to constitute a cause of action under the statute. It follows that the order appealed from should be affirmed, with costs.